JAMES H. ALBEE, RESPONDENT, v. THE CHAPPAQUA SHOE MANUFACTURING COMPANY, APPELLANT.

*Negligence — blowing a powerful steam whistle — liability to one whose horses are frightened — contributory negligence.*

A manufacturing company maintained a steam whistle, constructed so as to be heard for miles, very near to and nearly on a level with a platform of the freight station of a railroad. The sounding of the whistle three times in succession frightened the horse of one Albee, who was lawfully at the station; it ran away and Albee was injured.

*Held,* that the manufacturing company was liable.

That a person has no right to do upon his own premises an act which detracts from the safety of travelers, or renders the highway disagreeable.

That under such a condition of affairs the negligence of the injured person is not material.

APPEAL by the defendant, the Chappaqua Shoe Manufacturing Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 14th day of March, 1891, upon a verdict for the plaintiff for $6,000, after a trial at the Westchester Circuit before the court and a jury; and also from an order made on the 10th day of March, 1891, denying a motion for a new trial upon the minutes.

*H. D. Donnelly,* for the appellant.

*William P. Fiero,* for the respondent.

BARNARD, P. J.:

The defendant, a manufacturing corporation, had a steam whistle on its factory at Chappaqua. The factory is close to the Harlem railroad station, and the platform for the delivery and receipt of freight from the railroad is but a few feet from the engine-room of the factory, and the engine-room is so low that the whistle is but a slight elevation above the platform. The whistle is one of great power, and from its name seems to have been constructed to carry sound seven miles  While the plaintiff was at the station, in a wagon, with one Williams, who was getting his milk cans, at nearly one o'clock P. M., the whistle sounded. The horse ran away; the whistle again sounded, making the horse more uncontrollable, and the whistle again sounded and the horse become so wild as to be

ungovernable.   The plaintiff was thrown out and severely injured. The complaint avers a cause of action for negligence and one for maintaining a whistle so powerful that its noise was dangerous at the place at which it was used.   The case was tried on the latter cause of action only.   The action was well proven.   It is an acknowledged principle of law that a party has no right to do upon his own premises an act which detracts from the safety of travelers or renders the highway disagreeable.   (*Francis* v. *Schoellkopf*, 53 N. Y., 152; *Heeg* v. *Licht*, 80 id., 579; *Bohan* v. *Port Jervis Gas-Light Co.*, 122 id., 18.)

These cases also settle the question that the negligence of the injured person has no importance.   The action rests upon the wrong done, and not upon the negligent manner in which it was done.   The numerous exceptions taken to the rulings upon the trial, excluding the question of the negligence of the plaintiff, all became unavailing under these cases.   These exceptions must fail because of an entire lack of evidence upon which to rest a claim that plaintiff contributed to his own injury.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.