[No. 604. Decided December 15, 1892.]

MARINE SAVINGS BANK, *Respondent*, v. D. R. YOUNG
*et al.*, *Appellants*.

JURY — FORM OF VERDICT — AMOUNT FILLED IN BY JUDGE — COM-
MUNICATIONS BETWEEN JUDGE AND JURY.

In an action upon a promissory note, where the contest is not as
to the amount due, but as to whether certain of the defendants are
liable, it is not error for the judge to fill in the amount claimed by
plaintiff in one of the forms of verdict submitted to the jury.

Where the judge, after a jury has retired to agree upon a ver-
dict, receives from them by the hands of a bailiff the form of verdict
submitted for the plaintiff, in which the jury claims there is a mis-
take, and returns the same with the communication that it is just
in the form that he intended, such communication between judge
and jury is not one upon which prejudicial error can be predicated.

Where the jury come into open court and request the judge to
correct a clerical mistake in a form of verdict submitted to them,
and thereafter agree upon and return such corrected verdict as
their finding, no error can be predicated thereon.

*Appeal from Superior Court, Jefferson County.*

*John Trumbull*, for appellant:

No communication whatever ought to take place between
the judge and the jury after the cause has been committed
to them by the charge of the judge, unless in open court,
and, where practicable, in presence of the counsel in the
cause. *Sargent v. Roberts*, 1 Pick. 337; *Taylor v. Bets-
ford*, 13 Johns. 487; *Moody v. Pomeroy*, 4 Denio, 115;
*Read v. Cambridge*, 124 Mass. 568; *Benson v. Clark*, 1
Cow. 258; *Watertown Bank v. Mix*, 51 N. Y. 558; *Fish v.
Smith*, 12 Ind. 563; Thompson and Merriam on Juries,
§ 355.

*J. N. Scott*, and *Johnson & Moody*, for respondent:

Communications between the jury and court, or officers
of the court, where they are obviously harmless, afford no

ground for a new trial or for reversal on appeal. *People v. Kelley*, 94 N. Y. 526; *Baker v. Simmons*, 29 Barb. 198; *State v. Wart*, 51 Iowa, 587.

The jury have a right, until they are dismissed, to correct or amend their verdict if informal or insufficient, and it is the duty of the court to direct them to put it in proper form. *Warner v. New York Central R. R. Co.*, 52 N. Y. 437; *People v. Dick*, 34 Cal. 663.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover the amount alleged to be due upon a certain promissory note. The defendants who appeared in the action admitted the execution of the note, and defended solely upon the ground that they signed said note as sureties, and that, by the extension of the time of payment without their knowledge or consent, they had been released of all liability.

After the testimony had all been introduced, the court instructed the jury, and at the close of its instructions presented to them forms of verdicts. One of these was in form to be returned by them if they found for the plaintiff, and the other in proper form if they found for the defendant. In the first of said forms the amount in which the verdict should be rendered was filled in by the court. As a part thereof the form so submitted provided that the verdict should be for the face value of the note, with interest thereon from the fourth day of February, 1890.

After the jury had retired for deliberation, its foreman sent word by the bailiff that they desired to communicate with the judge of the court, and, being asked by the judge what they desired, stated that there was a mistake in the form of the verdict submitted to them. Thereupon the judge received from them the form of the verdict for plaintiff, theretofore prepared by him, and stated that it was in just the form that he intended. Afterwards the jury came

into court and said they had agreed upon a verdict, but that the form submitted to them by the court contained a clerical mistake, and called the attention of the court to the· fact that the date from which interest should be computed should be 1891 instead of 1890. The judge then and there, in the presence of the jury and of the parties, changed said figures from 1890 to 1891, and said to the jury, "If this form now expresses your verdict, you may retire to agree upon it, or you may agree upon it in the jury box." Thereupon the jury agreed to the same in their box, and the foreman signed the same, and it was received by the court as their verdict.

To each of these several actions of the court and of the jury defendants, by their counsel, duly excepted, and the errors thereon alleged are the only ones upon which defendants rely for a reversal of the judgment rendered upon such verdict.

Under the circumstances of this case the action of the court in filling in the amount in the form of the verdict was entirely proper. Neither the pleadings nor proofs raised any issue as to the amount due upon the note. The only contested question was as to whether or not the defendants who appeared in the action were liable at all.

As to the other questions: We fully agree with all that is said in the brief of appellants, and in the list of authorities therein referred to, as to the care which should be taken by trial courts to avoid even the appearance of holding any communication with the jury after a cause has been finally submitted to it, except in open court, and, if at all convenient, in the presence of all the parties to the action. To allow a loose practice to grow up in this regard would, we think, tend greatly to bring courts and the administration of justice into disrepute.

Yet we do not think that this rule should be so rigidly applied as to put upon the parties the expense of a new

trial in every case in which there has been the slightest communication between the court and the jury while they are deliberating upon their verdict.  If the communication is of such a nature that the party against whom the verdict is rendered could by no possibility have been injured thereby, a verdict against him should not be set aside.  If the communication is of such a nature that it could possibly have been prejudicial to the rights of the defeated party, then, of course, the verdict should not be allowed to stand.

In the case at bar the only communication which by fair intendment could be found to have taken place between the court and the jury other than in open court, is the one wherein the form of the verdict was passed out of the jury room and by the judge returned thereto with the statement that it was just as he intended to have it.  We are unable to see how this communication could by any possibility have tended to the injury of defendants.

The other acts complained of by appellants were all in open court and in the presence of the parties, and, in our opinion, in what was thus done the court simply did its duty.  The court did not in any way attempt to influence or control the action of the jury, but at their request made a correction in the form of the verdict.  If this had been done even after the verdict had been signed, and the matter had not been again submitted to the jury for consideration, it would not, in our opinion, have been such an error as would warrant the court in granting a new trial.  But this correction was made before the verdict was signed, and the corrected verdict was returned to the jury, and they were allowed again to deliberate upon the question as to whether or not as thus corrected it was the verdict they wanted to return, and after such deliberation they signed and returned the verdict.

Under all the circumstances, we are unable to find anything in the action of the court, of which the defendants

can complain, of sufficient gravity to warrant us in reversing the judgment. It must, therefore, be affirmed.

ANDERS, C. J., and SCOTT, DUNBAR and STILES, JJ., concur.