[No. 9118.   Department Two.   December 7, 1910.]

ALBERT JOHNSON, *Appellant*, v. AUGUST ANDERSON *et al.,*
*Respondents.*[1]

EXPLOSIVES—BLASTING—CONTRIBUTORY—NEGLIGENCE.  A nonsuit is
properly granted where plaintiff, a man of experience with explo-
sives and blasting, had warning of a blast and after taking up a
place of safety by a tree, left the same and came out in the open,
relying upon his ability to watch and dodge the flying rocks.

EVIDENCE—OPINION EVIDENCE—EXPERTS—BLASTING.   In blasting
work, the feasibility of preparing a barricade to protect the workmen
is not a matter of expert proof.

EXPLOSIVES—WARNING—EVIDENCE OF CUSTOM—ADMISSIBILITY. The
custom of giving warning of a blast is properly excluded as im-
material, where plaintiff received adequate warning.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 18, 1910, in favor of the
defendant, dismissing an action for personal injuries, upon
withdrawing the case from the consideration of the jury.
Affirmed.

*Robert A. Devers* and *Milo A. Root*, for appellant.

*C. H. Winders*, for respondents.

MORRIS, J.—Appellant was injured by being struck by a
falling rock, thrown by a blast of powder exploded by em-
ployees of respondents, while constructing a road along the
Solduc river, in Clallam county.   Appellant had been work-
ing for respondents for some time as a subcontractor or sta-
tion man, in the grading and construction of the road.   He
had completed the work given him at one of the camps, and
on the morning of his injury had come up to another camp
preparatory to taking more station work.   He arrived in
the camp about ten o'clock, and on his way saw the men work-
ing at the place where the blast was fired.   About noon, while
he was lying on a bunk in one of the camp tents, one of the

[1]Reported in 111 Pac. 1063.

men came to the tent and shouted "Fire," which appellant understood was a warning that a blast was about to be exploded and that all should seek positions of safety.  Upon hearing the warning, appellant with the other men sought shelter from the blast.  Appellant saw the men coming down the hill from the place where the blast was to be exploded which he says was about five hundred feet away, and knew the general direction from which to anticipate the coming of the rocks and earth thrown by the blast.  He also knew two or three minutes would elapse between the warning and the blast in which he might seek a place of safety.  The country was wild, and all around the place were windfalls and fallen trees of various sizes.  He had been accustomed to blasting in his own work as station man, and had worked about eight years in work of this character.  When he first ran from the tent, he stepped behind a tree; then seeing another workman, who he says was a foreman or straw boss, standing out in the open, he left the tree and went and stood beside him and looked up in the direction from which the blast was expected.  He says he thought that would be the best place to stand—the safest, as the foreman would know the safest place.  He also testifies:

"Q.  It is a fact, isn't it, that you as a man who is used to blasting and dealing with powder, feel that you can go out and look and watch the rocks and keep out of their way, isn't it?  A. Yes, sir.  Q.  And quite often when you know a blast is going off that is all you do; is that correct?  A. Yes, sir.  Q. And that is about what they were doing at the time?  A. Yes. . . . Q. But now, in your eight or ten years' experience, Mr. Johnson, in this kind of work, when you know there is going to be shooting, isn't it a fact that you men who understand all about this powder business, you stand out and think you can see the rocks coming and dodge them?  A. Yes, sir.  Q. (The Court) You say you tried to see some of the rocks come down?  A. (Mr. Root) Yes.  Q. (The Court) Is that what you said?  A. Yes."

At the conclusion of the plaintiff's case, defendants challenged the legal sufficiency of the evidence, and moved for judgment upon three grounds:  (1) there was no evidence

to establish negligence of defendants; (2) plaintiff by his own evidence is shown to be guilty of contributory negligence; and (3) that plaintiff in selecting his position of safety assumed the risk. The motion was granted by the court, and plaintiff appeals.

The court was right in granting the motion. Appellant was familiar with the whole situation except as the local surroundings were new to him. When warned of the danger, he sought and found a place of safety. He voluntarily left that place because, with his eight years' experience, he thought he could stand in the open and watch and dodge the flying rocks. In doing so he undertook the burden of his own safety, and assumed the risk of his position. The negligence, if any, which was the proximate cause of his own injury was his own act in assuming he could successfully dodge the flying rocks. These assertions are too plain for argument, and need no discussion.

Further error is predicated upon the court's refusal to permit appellant to prove that it was feasible for respondents to have prepared a barricade to protect the workman from the danger of the blast, and in refusing to admit proof that it was customary to give warning adequate to prevent danger from an expected blast. Both rulings were correct. The first offer was not a matter for expert proof. The second was met by the plaintiff's own testimony, that the customary warning had been given, that he fully understood its portent and the danger to be avoided.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, DUNBAR, and CROW, JJ., concur.