CAROLINE WILKS, as Administratrix, etc., of JOSEPH WILKS, Deceased, Respondent, Appellant, *v.* NEW YORK TELEPHONE COMPANY, Appellant, and FEDERAL TELEPHONE AND TELEGRAPH COMPANY, Respondent.

Fourth Department, March 19, 1924.

Telegraphs and telephones — action to recover for death of plaintiff's intestate who was killed by electricity when he came in contact with fallen telephone wire on his own premises — wire fell across electric power wire and was charged with electricity — action tried and submitted on theory of nuisance — error to charge that recovery could not be had if intestate was guilty of contributory negligence — evidence establishes that telephone line was in possession of United States at time of accident — court should not have submitted that question to jury.

In an action to recover for the death of plaintiff's intestate who was killed by an electric current being transmitted through his body when he came in contact with a fallen telephone wire on his own premises which had fallen across an electric power wire and become heavily charged with electricity, it was error for the court to charge that plaintiff could not recover if the negligence or default of her intestate contributed to his death, since the action was tried and submitted on the theory of nuisance, and, therefore, the question of negligence of the intestate was not an issue.

If the construction of the telephone line constituted a nuisance, the company which constructed the line is liable for damages, notwithstanding it had conveyed the line to another prior to the accident.

Since the evidence was undisputed that the United States government took over all the property, tools and equipment of the defendant telephone company which owned the line at the time of the accident, pursuant to a joint resolution of Congress and proclamation of the President, and was operating the system

from that time until after the accident, the court should have held, as a matter
of law, that the said telephone company was not in possession of the property
at the time of the accident and it was error to submit that question to the jury.

APPEAL by the defendant, New York Telephone Company, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Erie on the 20th day of
January, 1922, upon the verdict of a jury for $20,000, and also
from an order entered in said clerk's office on the 25th day of
January, 1922, denying the defendant's motion for a new trial
made upon the minutes.

Appeal by the plaintiff, Caroline Wilks, as administratrix,
from a judgment of the Supreme Court in favor of the defendant
Federal Telephone and Telegraph Company, entered in the office
of the clerk of the county of Erie on the 17th day of February,
1922, upon the verdict of a jury, and also from an order entered
in said clerk's office on the same day denying the plaintiff's motion
for a new trial made upon the minutes.

*McIntyre & Wilkie* [*Lafay C. Wilkie* of counsel], for the plaintiff.

*Penney, Killeen & Nye* [*James C. Sweeney* of counsel], for the
defendant New York Telephone Company.

*Desbecker, Fiske & Newcomb* [*Meredith Potter* of counsel], for
the defendant Federal Telephone and Telegraph Company.

CLARK, J.:

This action was brought for damages sustained by plaintiff
because of the death of her husband on the evening of November
30, 1918, caused by an electric current being transmitted through
his body when he came in contact with a fallen telephone wire.

This wire with three others ran from the north side of the
Sherwood building in the city of Buffalo, where it was attached
to a fixture, to a pole standing across the right of way of the
New York Central railroad, which lies adjacent to and north of
property occupied by plaintiff's intestate at the time of his death.
These four wires were strung across from the Sherwood building
to this pole standing on the New York Central property, and
the span passed over property occupied by intestate. There
was no proof that any authority was given to the telephone
company to string these wires across said premises.

The distance between the fixture on the Sherwood building and
this pole on the New York Central right of way was in dispute
at the trial, and it varied according to the estimate of different
witnesses from 258 to 400 feet.

The jury could find from the evidence that these four wires

were originally installed by defendant Federal Telephone and Telegraph Company.

On the evening of November 30, 1918, about ten-thirty o'clock, intestate learned that there was "lighting" in the rear of his building and on going out to investigate in some way got in contact with this fallen wire which had become heavily charged with electricity, and was instantly killed.

Plaintiff contends that these four wires were originally put up by defendant Federal Telephone and Telegraph Company, and that they were improperly installed, the span between the fixture on the Sherwood building and the pole on the north side of the New York Central right of way was too great and the wires too small and not of sufficient strength for proper use and safe construction, that the wires were insufficiently insulated, were placed in too close proximity to other high power wires attached to the same fixture on the Sherwood building, and that the stringing of these wires with this long span where they were liable to sway and come in contact with the nearby high power wires constituted a nuisance, and that the Federal Company was, therefore, liable, and that defendant New York Telephone Company which purchased and went into possession of all the Federal Company's property and equipment on the 1st day of March, 1918, was liable for failing to abate this nuisance, and that it was liable in negligence for failure properly to inspect, repair and maintain the wire between the time it purchased the Federal Company's property, March 1, 1918, and the time of the accident, November 30, 1918.

Both defendants denied generally the allegations of the complaint and pleaded that intestate was guilty of contributory negligence, and defendant Federal Company alleged that at the time of the accident it did not own and was not in possession or control of this wire, it having sold all its property and equipment to the New York Telephone Company March 1, 1918.

The New York Telephone Company alleged in its answer that it was not in possession or control of this wire at the time of the accident, the United States government having taken possession of all its property, tools and equipment on the 31st day of July, 1918, and that the government was still in full control and possession of the property at the time of the accident.

The jury rendered a verdict in favor of the defendant Federal Telephone Company, thus finding the original construction not faulty and that it did not constitute a nuisance, but rendered a verdict against the defendant New York Telephone Company, but without specifying whether it was on the theory of nuisance or negligence. The case was tried and submitted on the theory

of nuisance. Therefore, if the Federal Telephone Company did not create a nuisance when it installed the wire, the New York Telephone Company could hardly be held responsible for failing to remove a structure which the jury had found was not a nuisance, and the verdict is inconsistent.

It is, therefore, necessary to consider briefly whether the finding of the jury must also mean that the defendant New York Telephone Company is also discharged from liability.

Plaintiff appeals from the judgment in favor of the Federal Telephone Company, claiming that the verdict was against the weight of the evidence and alleging error in the admission of evidence and the submission of the question to the jury. The question whether or not the wires as installed by the Federal Telephone Company constituted a nuisance was a question of fact, although the evidence that it was dangerous construction was very strong. The verdict in favor of the Federal Telephone Company, which meant that the wires as installed and maintained were not inherently dangerous and did not constitute a nuisance, might not be disturbed were it not for the fact that the question was submitted to the jury on an erroneous theory. The trial court charged that the plaintiff could not recover if the negligence or default of decedent contributed to his death. To this plaintiff's counsel duly excepted.

The decedent was killed while on his own premises. If the wires were a nuisance, then the negligence of deceased was not an issue. (*Irvine* v. *Wood,* 51 N. Y. 224, 228; *Albee* v. *Chappaqua Shoe Mfg. Co.,* 62 Hun, 223.) We cannot say whether the jury actually found that there was no nuisance or that there was a nuisance but the plaintiff could not recover because of decedent's negligence.

If the Federal Telephone Company by this installation created a nuisance and did not abate it before selling its property to the New York Telephone Company, it might be liable in damages to any one injured in consequence of the nuisance. It could not escape liability for damages by a conveyance of the property, but its liability extends to a continuance of the nuisance subsequent to the conveyance. (*Timlin* v. *Standard Oil Co.,* 126 N. Y. 514; *Swords* v. *Edgar,* 59 id. 34; 29 Cyc. 1204; 20 R. C. L. 376.) All who participate in constructing and maintaining a nuisance are liable jointly and severally and the falling of the wires was some evidence that it was a nuisance. (*McNulty* v. *Ludwig & Co.,* 153 App. Div. 206.)

The learned court in submitting the case to the jury charged that the New York Telephone Company might be held liable for

not properly maintaining and inspecting the wires it purchased from the Federal Telephone Company when it took possession of the Federal Company's property, and left it to the jury to say whether or not the New York Telephone Company was in possession of the property after July 31, 1918.

The evidence was undisputed that the United States government, from and after twelve o'clock midnight on the 31st day of July, 1918, took over all the property, tools and equipment of the New York Telephone Company pursuant to a joint resolution of Congress approved July 16, 1918, and a proclamation of the President dated July 22, 1918 (40 U. S. Stat. at Large, 904, chap. 154; Id. 1807), and was operating the system from that time until after the accident. (See 41 id. 157, chap. 10.)

I think the court fell into error in leaving it to the jury to say whether or not the New York Telephone Company was in possession of these wires at the time of this accident. In view of the undisputed evidence that the government took possession of this property at midnight July 31, 1918, and did not restore it to the New York Telephone Company for a year, the court should have held as a matter of law that the government was in possession and control of the property at the time of the accident. The somewhat ambiguous admission in the original answer could not prevail over a patent fact of which the court might have taken notice without proof. (*Dakota Central Tel. Co.* v. *South Dakota,* 250 U. S. 163; *Northern Pacific R. Co.* v. *North Dakota,* Id. 135; *Western Union Telegraph Co.* v. *Poston,* 256 id. 662.) For the reasons stated I think the interests of justice require that there should be a new trial of the issues as to both defendants.

The judgment in favor of defendant Federal Telephone and Telegraph Company, and the order denying plaintiff's motion for a new trial, should be reversed on the law and the facts, with costs to plaintiff, appellant, to abide the event, and the judgment against the New York Telephone Company, and the order denying its motion for a new trial, should be reversed on the law and the facts and a new trial granted, with costs to said appellant to abide the event.

All concur.

On each appeal judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.