UNITED STATES of America,
Plaintiff-Appellee,

v.

Mary Grace WESTLAKE, Defendant-
Appellant.

No. 73-1402

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1973.

Milton E. Grusmark, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Lawrence B. Craig, III, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of importing cocaine into the United States, in violation of 21 U.S.C. § 952 (a). On appeal, she raises two points, both of which we consider to be without merit.

First, she argues that the implementation of the jury selection plan for the Southern District of Florida unconstitutionally excludes Cuban immigrants and young adults from jury service. This very contention has been raised and rejected on many occasions in the past. *See, e. g.,* United States v. Gooding, 5th Cir. 1973, 473 F.2d 425; United States v. Blair, 5th Cir. 1972, 470 F.2d 331; United States v. Pentado, 5th Cir. 1972, 463 F.2d 355. Those decisions are dispositive of appellant's first contention.

Secondly, appellant argues that 21 U.S.C. § 811, which empowers the Attorney General to modify the "schedules" of controlled substances and narcotics

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

set out in 21 U.S.C. § 812(c), represents an impermissible delegation of legislative power. We decline to reach this point at the present time. Congress initially classified cocaine as a Schedule II Controlled Substance, and the Attorney General has neither rescheduled nor deleted cocaine from the list of controlled substances since the effective date of the statute. Appellant therefore has not been affected by whatever delegation of authority may be embodied in the statute.

The judgment below is accordingly affirmed.