[No. 1534-1.   Division One.   September 4, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. ELLSWORTH J. ROBINSON, *Appellant.*

*Malcolm L. Edwards,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *David Boerner, Deputy,* for respondent.

FARRIS, J.—Ellsworth J. Robinson, a Seattle police officer, was indicted on May 6, 1971, on five counts of asking and receiving bribes. A jury found Robinson not guilty of four counts, but guilty of count 1.

> We, the jury in the above-entitled cause, do find the defendant Ellsworth J. Robinson guilty of the crime of asking and receiving bribes, as charged in Count I of the indictment.

Count 1 of the indictment charged Robinson as follows:

> ELLSWORTH J. ROBINSON is accused by the Grand Jury of the County of King, State of Washington, by this Indictment, of the crime of asking and receiving bribes, committed as follows:
> He, the said ELLSWORTH J. ROBINSON, in the County of King, State of Washington, during the period of time intervening between the 7th day of May, 1961 and the 1st day of January, 1969, while being a public officer, to-wit: police officer for the City of Seattle, did unlawfully and feloniously, directly or indirectly, ask and receive of one JACOB HEIMBIGNER compensations, gratuities and rewards, to-wit: lawful monies of the United States, upon an agreement or understanding that his official action would be influenced thereby or that he would neglect or violate his official duty in connection with the operations of taverns or businesses owned or operated by the said JACOB HEIMBIGNER, contrary to RCW 9.18.020, and against the peace and dignity of the State of Washington.

Along with the verdict form, the jury returned a note to the trial judge which stated:

> In finding the defendant guilty on Count I, we, the jury, could, by the evidence and testimony admitted *only* find him guilty of the crime of accepting drinks while in uniform in the Golden Horseshoe Tavern after legal closing hours and on Sundays, thus neglecting and violating his official duty.

The trial judge did not mention this note or its contents to counsel for the state or the defense until the day following the return of the verdict. At that time, the trial judge summoned counsel, notified them of the note and also of a

colloquy which developed between the court and the jury prior to the jury having returned its verdict.

THE COURT: Gentlemen, I have called you because when the jury yesterday announced that it had reached a verdict, the foreman asked the bailiff if they could also give me a note asking for clemency for the defendant. The bailiff was at the door of the jury room, I was over here, and she asked me. And I said, "Yes, that's all right, tell them that they can." And so she told them that they could pass a note along with the verdict.

When the verdict was handed by the foreman to the bailiff and by the bailiff to me, it had with it a note which when I read it did not conform to what they had asked, and since it was directed to me I didn't have it read because I was a little surprised at it and wanted to decide what I should do, how I should treat it.

On appeal, Robinson first contends that the note returned by the jury was not a "note asking for clemency" but rather an explanation of the verdict, and since the indictment charged the defendant with accepting money, and the jury in its handwritten note found that the defendant had not accepted money, a verdict of not guilty should have been entered. We disagree.

Even if we were to assume that the note was meant to be a part of the verdict, we would not find the language of the indictment and the verdict inconsistent. The indictment returned by the grand jury charged Robinson generally with the crime of asking and receiving bribes. The indictment was based on RCW 9.18.020 which states the elements necessary for conviction on the charge:

[E]very person employed by or acting for the state or for any public officer in the business of the state, who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion, judgment, action, decision or other official proceeding shall be influenced thereby, or that he will do or omit any act or proceeding or in any way neglect or violate any official duty, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both.

Although the indictment specifically pointed to the acceptance of monies, it also charged Robinson with having "directly or indirectly, ask[ed] and receive[d] . . . compensations, gratuities and rewards . . ."

It is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined and the language used is adequate to apprise the accused with reasonable certainty of the nature of the accusation.

*State v. Bates*, 52 Wn.2d 207, 210, 324 P.2d 810 (1958). Robinson was adequately apprised of the accusation against him.

■ The jury was instructed to find the defendant guilty if he accepted, directly or indirectly, any compensation, gratuity or reward upon an agreement or understanding that he would neglect or violate his official duty.

To convict the defendant of the crime of asking and receiving bribes as charged in Count I of the indictment herein, the state must prove beyond a reasonable doubt:

(1) That during the period of time intervening between January 1, 1962 and September 1, 1968, the defendant willfully, unlawfully and feloniously:
  (a) directly or indirectly asked from Jacob Heimbigner compensations, gratuities or rewards; OR
  (b) directly or indirectly received from Jacob Heimbigner compensations, gratuities or rewards;

(2) That said compensations, gratuities or rewards were asked for or received directly or indirectly upon an agreement or understanding that:
  (a) the defendant's official action would be influenced thereby; OR
  (b) the defendant would neglect or violate his official duty in connection with the operations of taverns or businesses owned and operated by Jacob Heimbigner;

(3) That during said period of time the defendant was a public officer; and

(4) That said acts occurred in King County, Washington.

Instruction No. 2. The instruction, patterned after RCW 9.18.020 defining bribery, was not excepted to. It became the law of the case. *Seattle v. Harclaon*, 56 Wn.2d 596, 354 P.2d 928 (1960).

■ The court concluded that by attaching the note to the verdict, the jury was not attempting to explain its verdict but was making an effort to relate its clemency recommendation to the wording of the instruction of the court. We have consistently treated such requests as advisory only and as surplusage not affecting the validity of the verdict to which they refer. In *State v. Schut*, 71 Wn.2d 400, 429 P.2d 126 (1967), a jury appended to a guilty verdict a longhand recommendation for medical treatment. The defendant argued on appeal that such a recommendation was inconsistent with the verdict of guilty and therefore voided the verdict. The court rejected the contention:

> Again we must disagree. We are satisfied that the jury's recommendation of medical treatment is not contradictory of nor inconsistent with the verdict of guilty. In legal effect, it is comparable to a recommendation of mercy or leniency, and as such is mere advisory surplusage which does not invalidate the verdict. *Cf., State v. Arata*, 56 Wash. 185, 105 Pac. 227 (1909); *State v. Lindberg*, 125 Wash. 51, 215 Pac. 41 (1923); *State v. Nicely*, 171 Wash. 439, 18 P.2d 503 (1933); *State v. Marks*, 376 S.W.2d 116 (Mo. 1964). The trial court did not err in accepting the verdict.

*State v. Schut, supra* at 402.

■ Robinson also contends that it was error for the trial court to communicate with the jury without notice to and in the absence of the defendant and his counsel. The question of when private communications between the court and the jury become prejudicial is not one of first impression in the state of Washington. It has been held that it is prejudicial error for the court during the deliberations of the jury to enter or partly enter the jury room. *State v. Waite*, 135 Wash. 667, 238 P. 617 (1925); *State v. Wroth*, 15 Wash. 621, 47 P. 106 (1896). Prejudicial error has been held to be conclusively presumed where the court gives the

jurors additional instructions in the absence of defendant and his counsel. *State v. Shutzler*, 82 Wash. 365, 144 P. 284 (1914); *Linbeck v. State*, 1 Wash. 336, 25 P. 452 (1890). But in *Marine Sav. Bank v. Young*, 5 Wash. 394, 396, 31 P. 864 (1892), the court stated:

> Yet we do not think that this rule [that the trial courts should avoid even the appearance of communication with the jury] should be so rigidly applied as to put upon the parties the expense of a new trial in every case in which there has been the slightest communication between the court and the jury while they are deliberating upon their verdict. If the communication is of such a nature that the party against whom the verdict is rendered could by no possibility have been injured thereby, a verdict against him should not be set aside.

*Young* has been distinguished in *Iverson v. Pacific Am. Fisheries*, 73 Wn.2d 973, 442 P.2d 243 (1968) and *O'Brien v. Seattle*, 52 Wn.2d 543, 327 P.2d 433 (1958), but never overruled.

Here the judge happened to be in plain view when the foreman opened the jury room door to ask the question of the bailiff. The judge improperly answered the query in violation of RCW 4.44.320.[1] We find, however, that the communication itself "could by no possibility" have injured Robinson. *Marine Sav. Bank v. Young, supra* at 397.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.

Petition for rehearing denied October 29, 1973.

Review granted by Supreme Court December 17, 1973.

---

[1]"After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the case, they may require the officer having them in charge to conduct them into court. Upon their being brought into court the information required shall be given in the presence of, or after notice to, the parties or their attorneys."