[No. 1067-3.    Division Three.    July 2, 1975.]

WESTLEY G. BRINGLE et al, *Respondents*, v. MACK LLOYD et al, *Appellants*.

*William R. Hickman* and *Reed, McClure, Moceri & Thonn*, for appellants.

*Kelly Hancock*, for respondents.

McINTURFF, C.J.—Defendant appeals from a jury verdict in favor of the plaintiff in an action for damages caused by blasting.

In the course of flood control work on July 3, 1973, the

[21]*Rose v. Riedinger*, 13 Wn. App. 222, 534 P.2d 146 (1975).

defendants set off some dynamite about 200 feet from plaintiff's machine shed. The shed was destroyed by fire on August 7, 1973. At the time of the blast, minor damage was done to the shed: some windows were broken, sawdust was knocked out of the ceiling, and tools were knocked from the wall. On the evening of the blast, a mercury vapor lamp located on the outside of the building failed to go on. Plaintiff examined all visible wiring in the machine shed and eventually discovered a blown fuse. He replaced the fuse and the lamp worked without interruption. Expert testimony indicated that the cause of the fire was due to damage caused to the shop's electrical wiring by the blast which resulted in an electrical short circuit.

██ Defendant contends that the instructions were so one-sided as to amount to a directed verdict. With the exception of instruction No. 13, there were no exceptions taken to the instructions. Those instructions not excepted to during trial become the law of the case and will not be considered by an appellate court when raised for the first time on appeal.[1] (We note that counsel on appeal was not counsel during the trial of this case.) Defendant argued before the trial court that instruction No. 13[2]—stating that contributory negligence is not a defense to strict liability— eliminated his theory of the case and, in effect, directed a verdict for the plaintiff. We agree with the court that this instruction did not direct a verdict because causation remained a question of fact to be determined by the jury. The jury had to determine whether the proximate cause of the fire was due to damage caused to the shop's electrical wiring by the blast.

Defendant claims that the court committed error by removing the issue of contributory negligence from the case —the contributory negligence consisting of the plaintiff's

[1] *State v. Robinson*, 9 Wn. App. 644, 513 P.2d 837 (1973); *Renton v. Scott Pac. Terminal, Inc.*, 9 Wn. App. 364, 512 P.2d 1137 (1973).

[2] Instruction No. 13 stated: "You are instructed that contributory negligence is no defense under the law where the defendants had imposed upon them strict liability as is imposed upon defendants in the case of blasting and dealing with dangerous substances."

failure to exercise reasonable care after he knew that an ultrahazardous activity had miscarried and failed to avoid the threatened harm.[3] Defendant urges that the plaintiff's failure to use an amprobe to inspect the line and his use of a 30-amp. fuse was not in accordance with accepted electrical practice and constituted contributory negligence. Defendant's authority,[4] cited for the proposition that plaintiff's failure to inspect the line with an amprobe might be contributory negligence, is not applicable as those cases do not deal with ultrahazardous activities. Rather, they are concerned with the negligence of power companies in failing to operate or maintain their equipment properly. Similarly, defendant's authority[5] for the proposition that plaintiff's use of a 30-amp. fuse violated accepted electrical codes and constituted negligence is inapplicable. Those cases did not involve strict liability arising out of the miscarriage of ultrahazardous activities but stand for the proposition that evidence of safety standards is admissible when relevant to the issue of negligence.

▆ The issue we face is whether contributory negligence is a defense to strict liability. Dean Prosser has commented succinctly on this precise issue:

> And in cases where the defendant is carrying on an abnormally dangerous activity, *such as blasting*, contributory negligence which merely fails to discover the peril and avoid it will not prevent the plaintiff's action.[6]

(Italics ours.)

Two early Washington cases have dealt with defenses to

---

[3]Restatement of Torts § 524(2)(b), at 52 (1938).

[4]*Junge v. Midland County Pub. Serv. Corp.*, 38 Cal. App. 2d 154, 100 P.2d 1073 (1940); *Harker v. Southern Cal. Edison Co.*, 83 Cal. App. 204, 256 P. 848 (1927); *Martin v. Northern States Power Co.*, 72 N.W.2d 867 (Minn. 1955).

[5]*Nordstrom v. White Metal Rolling & Stamping Corp.*, 75 Wn.2d 629, 453 P.2d 619 (1969); *Raybell v. State*, 6 Wn. App. 795, 496 P.2d 559 (1972); *Thorpe v. Boeing Co.*, 5 Wn. App. 706, 490 P.2d 448 (1971).

[6]W. Prosser, *Law of Torts* § 79, at 523 (4th ed. 1971). *Accord, Muller v. McKesson*, 73 N.Y. 195 (1878); *cf. Bowman v. Humphrey*, 132 Iowa 234, 109 N.W. 714 (1906); *Niagara Oil Co. v. Ogle*, 177 Ind. 292, 98 N.E.

liability arising out of blasting cases. In *Johnson v. Anderson*, 61 Wash. 100, 111 P. 1063 (1910), the plaintiff was warned of a blast, but stood in the open and was injured by falling debris. The court denied recovery on the basis that plaintiff had assumed the risk of his own negligence. Similarly, in *Graetz v. McKenzie*, 9 Wash. 696, 35 P. 377 (1893), the plaintiff was warned of the blast, but ran from his position of safety when the blast occurred and died as a result of injuries from falling debris. Although the court mentioned that the defense of contributory negligence was raised, as did the court in *Johnson*, plaintiff was denied recovery on the theory of assumption of the risk and not on the basis of contributory negligence. These cases are distinguishable from the facts of the instant case which does not involve assumption of the risk.

In an analogous situation, Washington has adopted the rule that contributory negligence is not a defense to strict liability in tort for injuries caused by dogs which have vicious or dangerous propensities known to their owners.[7]

Based on these authorities, we reach the conclusion that contributory negligence is not a defense to strict liability in the extrahazardous activity of blasting. The trial court properly removed the issue of contributory negligence from consideration by the jury.

The next issue is whether the evidence of damages was insufficient to support the verdict. The defendant contends (1) that the replacement cost of the building was not the appropriate measure of damages;[8] (2) that the valuation placed on the destroyed tools was improper because it was

---

60 (1912); *Wilks v. New York Tel. Co.*, 208 App. Div. 542, 203 N.Y.S. 665 (1924); and *Hoffman v. Bristol*, 113 Conn. 386, 393, 155 A. 499 (1931). Where there is an absolute nuisance, the defense of contributory negligence is not available.

[7]*Johnston v. Ohls*, 76 Wn.2d 398, 400, 457 P.2d 194 (1969); *Brewer v. Furtwangler*, 171 Wash. 617, 18 P.2d 837 (1933); *Harris v. Turner*, 1 Wn. App. 1023, 1031, 466 P.2d 202 (1970).

[8]*Covey v. Western Tank Lines, Inc.*, 36 Wn.2d 381, 218 P.2d 322 (1950).

hearsay, as it was based on what a third party told him;[9] and (3) that lost profits based on one month's operation do not meet the test of reasonable certainty.[10]

The defendant failed to object to the damage instruction during trial. It became the law of the case.[11] The failure to object to the instruction on the basis that it was not supported by substantial evidence precludes the consideration of this issue on appeal.[12] Additionally, the award of damages was within the totality of the evidence and will not be disturbed on appeal.[13]

■ The final issue is whether the court abused its discretion in denying defendant motion for a new trial. Defendant contends that new evidence showed that welding was carried on in the machine shed the night before the fire and that the expert testimony was based on the assumption that no activity had occurred in the building during this time. Defendant relies on the affidavit of his attorney at trial that "at no time was it made known by either one of the plaintiffs that the plaintiff Evans was utilizing the interior of the shop building to repair his equipment." The granting of a motion for new trial rests within the sound discretion of the trial court.[14] We find no abuse of discretion as counsel could have discovered this fact prior to the trial by the exercise of diligence.

Judgment of the superior court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied August 11, 1975.

Review denied by Supreme Court October 7, 1975.

---

[9]*Betts v. Betts*, 3 Wn. App. 53, 473 P.2d 403 (1970). The *Betts* case only provides a statement of the hearsay rule and is not controlling.

[10]*Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 390 P.2d 677 (1964).

[11]*State v. Robinson*, 9 Wn. App. 644, 513 P.2d 837 (1973).

[12]See *Ivan's Tire Serv. Store, Inc. v. Goodyear Tire & Rubber Co.*, 10 Wn. App. 110, 126-27, 517 P.2d 229 (1973).

[13]*Marshall v. Food, Chem. & Research Laboratories, Inc.*, 4 Wn. App. 789, 484 P.2d 426 (1971).

[14]*Hinkel v. Weyerhaeuser Co.*, 6 Wn. App. 548, 556, 494 P.2d 1008 (1972).