[Nos. 1476-2; 1439-2.    Division Two.    January 6, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK GILLIS MARTIN, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD R. ROSI, *Appellant*.

*Jack L. Burtch* and *John Wolfe,* for appellants.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

REED, J.—A Grays Harbor jury convicted defendants Richard R. Rosi and Patrick Gillis Martin of delivery of a controlled substance, to wit, marijuana. Their appeals are consolidated here, and the issues raised by their assignments of error are: (1) sufficiency of the State's evidence to prove either possession or delivery by defendant Martin; (2) sufficiency of the State's evidence to prove that marijuana was a controlled substance; (3) whether defendants were denied equal protection of the law because the prosecuting attorney had discretion to charge the crime either as a felony under state law or as a misdemeanor under city ordinance; (4) whether the Uniform Controlled Substances Act (RCW 69.50) provides in part for an unconstitutional delegation of legislative authority to the State Board of Pharmacy and the federal government; and (5) whether the Uniform Controlled Substances Act offends against constitutional due process because it fails to provide fair notice of what conduct is criminal.

We resolve all issues in favor of the State and affirm the convictions.

## SUFFICIENCY OF THE EVIDENCE

■ Both defendants challenged the sufficiency of the State's case against them by interposing motions to dismiss at the close of the State's case. These motions were denied, and defendants elected to present evidence on their own behalf and did not renew their challenges at any further stage of the proceedings. Defendants have thus waived any right to claim error in the denial of those motions. *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968); *State v. Portrey,* 6 Wn. App. 380, 492 P.2d 1050 (1972).

■ The defendants took no exceptions to the trial court's instructions which informed the jury that mari-

juana was a controlled substance and that delivery of a controlled substance was unlawful. These instructions thus became the law of the case. *State v. Robinson*, 9 Wn. App. 644, 513 P.2d 837 (1973). When coupled with the waiver of any challenge to the sufficiency of the evidence, the giving of these instructions formed the proper basis for a jury verdict of guilty.

## EQUAL PROTECTION

Defendants urge, citing *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973), that because the City of Hoquiam allegedly had an ordinance making delivery of marijuana unlawful, the State was vested with unconstitutional prosecutorial discretion to charge as a felony under state law, as was done, or as a misdemeanor under city ordinance. Unless an ordinance of a city or town is properly called to a superior court's attention, neither that court nor an appellate court will take judicial notice of the ordinance or of its content. *Cf. Chase v. Daily Record, Inc.*, 83 Wn.2d 37, 38, 515 P.2d 154 (1973); *Gabl v. Alaska Loan & Inv. Co.*, 6 Wn. App. 880, 496 P.2d 548 (1972); *Peterson v. Mayham*, 10 Wn.2d 111, 116 P.2d 259 (1941); *McCormick's Law of Evidence* § 335 (2d ed. E. Cleary 1972). RCW 5.44.080 provides in part as follows:

> City or town ordinances as evidence. All ordinances . . . of any city or town shall be recorded in a book to be kept for that purpose . . . , and when so recorded the record thereof so made shall be received in any court of the state as prima facie evidence of the due passage of such ordinance as recorded. When the ordinances of any city or town are printed by authority of such municipal corporation, the printed copies thereof shall be received as prima facie evidence that such ordinances as printed and published were duly passed.

In the case before us, defense counsel merely alluded to the existence of an ordinance as follows:

> It's true that I do not have a copy of the Hoquiam ordinance on marijuana to present to the court at this time but because of the constitutional question involved *it's not necessary for me to plead and prove that ordinance*

*at this time.* Because I can, as a matter of fact, give proof to this court on the contents of that ordinance. That ordinance is an ordinance which makes it a crime to deliver marijuana . . .

(Italics ours.)

The record discloses no further attempt to place the ordinance before the court either by the method provided in RCW 5.44.080, *supra,* or by resort to CR 9(i).[1] The assignment is without merit.

DELEGATION OF LEGISLATIVE AUTHORITY AND DUE PROCESS

Defendants next contend that the Uniform Controlled Substances Act is unconstitutional because (1) it provides for an impermissible delegation of legislative authority to the State Board of Pharmacy and to the federal government to create or abolish crimes by adding to or deleting from the schedules of substances controlled, and (2) it offends due process because fair notice is not given of what may or may not constitute criminal conduct from time to time because of the possibility of such additions and deletions and the manner by which they may be accomplished.[2]

---

[1] CR 9(i), which apparently superseded RCW 4.36.110, provides as follows:

"(i) **Pleading Ordinance.** In pleading any ordinance of a city or town in this state it shall be sufficient to state the title of such ordinance and the date of its passage, whereupon the court shall take judicial notice of the existence of such ordinance and the tenor and effect thereof."

[2] RCW 69.50.201 reads in part as follows:

"Authority to control. (a) The state board of pharmacy shall administer this chapter and may add substances to or delete or reschedule all substances enumerated in the schedules . . . pursuant to the rule-making procedures of chapter 34.04 RCW. . . .

". . .

"(d) If any substance is designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof is given to the board, the substance shall be similarly controlled under this chapter after the expiration of thirty days from publication in the Federal Register of a final order designating a substance as a controlled substance or rescheduling or deleting a substance, unless within that thirty day period, the board objects to inclusion, rescheduling, or deletion. In that case, the board shall proceed pursuant to the rule-making procedures of chapter 34.04 RCW.

". . .

■ The Washington State Legislature enacted RCW 69.50 as chapter 308 of the first extraordinary session, Laws of 1971, effective May 21, 1971. RCW 69.50.010(n) of that law specifically defined the term "marijuana" and RCW 69.50.204(d)(10) (Schedule I) specifically included marijuana among the hallucinogenic substances therein proscribed. The placement of marijuana in the schedule resulted solely from the original action of the state legislature and not from any action or omission of the State Board of Pharmacy or any other agency. In the case before us, the delivery of marijuana took place on September 8, 1973, the schedules then read as they were originally enacted, and the defendants thus have no standing to challenge the constitutionality of that portion of the act which delegates to the board the power to add or delete substances in the manner provided. *State v. Lundquist*, 60 Wn.2d 397, 374 P.2d 246 (1962); *State v. Rowe*, 60 Wn.2d 797, 376 P.2d 446 (1962); *State v. Carroll*, 81 Wn.2d 95, 500 P.2d 115 (1972); *State v. Sluder*, 11 Wn. App. 8, 521 P.2d 971 (1974).

In *United States v. Westlake*, 480 F.2d 1225 (5th Cir. 1973), it was contended that the authority given the United States Attorney General to modify the statutory schedules of controlled substances was an impermissible delegation of legislative authority. This was summarily disposed of as follows, at page 1226:

> Congress initially classified cocaine as a Schedule II Controlled Substance, and the Attorney General has neither rescheduled nor deleted cocaine from the list of controlled substances since the effective date of the statute. Appellant therefore has not been affected by whatever delegation of authority may be embodied in the statute.

"(f) The board shall exclude any nonnarcotic substances from a schedule if such substances may, under the Federal Food, Drug and Cosmetic Act, and under regulations of the bureau, and the laws of this state including RCW 18.64.250, be lawfully sold over the counter."

RCW 69.50.213 provides:

"Republishing of schedules. The state board of pharmacy shall at least semiannually for two years from May 21, 1971 and thereafter annually consider the revision of the schedules published pursuant to chapter 34.04 RCW."

722

Neither do the defendants have standing with respect to their remaining assignment regarding fair notice. In *United States v. Jones*, 480 F.2d 954 (5th Cir. 1973), the defendants asserted that federal statutory procedures for administrative reclassification of controlled substances rendered the statute indefinite and uncertain and thus unconstitutionally vague. In disposing of this argument, the *Jones* court said at page 960:

> The short answer to this contention is that Congress itself put marijuana in its current classification and thus the substance has never been administratively reclassified. Of course, the statutes under which Stockmar and Jones were indicted are quite specific as to the type of activity proscribed.

Defendants' challenges to this statute must fail for the reasons succinctly stated by our Supreme Court in *State v. Rowe, supra* at 799:

> A person may not urge the unconstitutionality of a statute *unless he is harmfully affected by the particular feature of the statute alleged to be violative of the constitution.* One who challenges the constitutionality of a statute must claim infringement of an interest *particular and personal to himself, as distinguished from a cause of dissatisfaction with the general framework of the statute.*

(Italics ours.)

We affirm the convictions.

Petrie, C.J., and Pearson, J., concur.

Petition for rehearing denied February 19, 1976.

Review denied by Supreme Court April 23, 1976.