[No. 4683-1.   Division One.   March 7, 1977.]

THE STATE OF WASHINGTON, *Appellant,* v. RONALD A. SIDERITS, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas E. Kelly, Jr., Deputy,* for appellant.

*Norman, Magee & Loreen* and *Maryalice Norman,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Following trial to a jury, a verdict was returned finding the defendant, Ronald A. Siderits, guilty of the crime of fishing for salmon for commercial purposes in closed

waters. The defendant filed post–trial motions challenging the verdict and the trial court then entered its order arresting judgment and, in the alternative, granting a new trial. CrR 7.4.

It is from this order that the State appeals.

At the time of the violation charged, the defendant was a commercial fisherman operating his gill net fishing boat *Bon Sante* in Puget Sound waters off West Seattle. At the time of his apprehension by patrol officers of the State of Washington Department of Fisheries, the defendant was in closed waters reeling in his 1,800–foot gill net containing some salmon.

At trial, it was the defendant's contention that when wind, tide, and current began to move his boat out of the legal fishing area where he had been fishing, he began to reel the net in and to stop his boat, and it was while so engaged that he was apprehended. This was at a point some 1/4 to 1 mile outside of the proper fishing area. The defendant further testified that the fish found in his net were already in it at the time his boat was forced out of the legal fishing area by the forces of wind and sea.

The trial court's statement of reasons why it granted the defendant's post–trial motions, were: (a) that the trial court's instruction No. 8 was erroneous; and (b) that insufficient evidence was presented to the jury for it to find that the defendant was fishing for commercial purposes at the time of the alleged offense.

We are presented with two issues.

## ISSUES

ISSUE ONE. Did the trial court err in entering its order arresting judgment and, in the alternative, granting a new trial?

ISSUE TWO. May this court consider a copy of an affidavit attached to a brief filed with this court and not otherwise appearing in the record before us?

## DECISION

ISSUE ONE.

CONCLUSION. The defendant's post–trial motions should not have been granted, since the questioned instruction was proper and there was sufficient evidence on which the jury could find the defendant guilty of the crime charged.

The instruction in question reads:

As used in these instructions, the term "to fish for commercial purposes" means to take or fish for food fish with a gill net or similar gear.

Instruction No. 8.

The pertinent definition of "fishing for commercial purposes" contained in the regulations of the Department of Fisheries is

the taking or fishing for. food fish with any gear unlawful for fishing for personal use . . .

WAC 220–16–305.[1]

Reading other of the department's regulations together makes it clear that a gill net is "gear unlawful for fishing for personal use," the expression used in the fishing for commercial purposes definition. WAC 220–16–300; 220–56–020(2); 220–16–040.

To phrase it differently, the regulations of the Department of Fisheries provide that a person fishing with a gill net is fishing for commercial purposes. This is what the questioned instruction informed the jury. Instruction No. 8 was therefore a correct statement of the law and was not error.

In essence, the defense was that at the time of the alleged violation the defendant was not "fishing."

---

[1] "WAC 220–16–305 GENERAL DEFINITIONS—COMMERCIAL PURPOSES. The taking, *fishing* for, possession, processing, or otherwise dealing in or disposing of food fish and shellfish *for commercial purposes is defined as the taking or fishing for food fish with any gear unlawful for fishing for personal use,* or taking or possessing food fish and shellfish in excess of the limits permitted for personal use, or taking, fishing for, handling, processing, or otherwise disposing of or dealing in food fish with the intent of disposing of such food fish, shellfish or parts thereof for profit or by sale, barter, trade or in commercial channels. [Order 817, § 220–16–305, filed 5/29/69. Formerly WAC 220–16–020 (part).]" (Italics ours.)

■ The "to convict" instruction given by the trial court required that the State prove beyond a reasonable doubt that the defendant was fishing at the time of the offense charged. Instruction No. 5. The trial court further instructed the jury in that regard that

> Under the laws and regulations of the state of Washington, the term "to fish" includes any means or effort made directly or indirectly to kill, injure, disturb, capture or catch any food fish.

Instruction No. 7. No exception was taken to this instruction; therefore, it became the law of the case. *State v. Martin,* 14 Wn. App. 717, 718, 544 P.2d 750 (1976).

■ A criminal defendant's challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences which can reasonably be drawn therefrom. *State v. Randecker,* 79 Wn.2d 512, 517, 487 P.2d 1295 (1971); *State v. Henderson,* 16 Wn. App. 526, 529, 557 P.2d 346 (1976). The State presented substantial evidence which, if believed, would permit the jury to conclude that despite the defendant's explanation of the occurrence, he was in fact fishing at the time of his apprehension in closed waters and was guilty of the crime of fishing for salmon for commercial purposes in closed waters as charged.

The entry of an order arresting judgment and, in the alternative, granting a new trial, was therefore erroneous.

Issue Two.

Conclusion. Copies of affidavits not a part of the record will not be considered on appeal.

A copy of an affidavit of defendant's counsel is appended to brief of respondent. It covers matters admittedly not brought before the trial court.

■ Neither this affidavit nor a copy of it appears elsewhere in the record. The copy attached to the brief bears a date well after the date on which the post–trial motions were granted, and nothing before us reflects that it was ever presented to the trial court for consideration. This court will not consider matters not in the appellate record.

CAROA 35; *State v. Armstead,* 13 Wn. App. 59, 65, 533 P.2d 147 (1975).

The order arresting judgment and, in the alternative, granting a new trial is reversed and the case is remanded for the entry of judgment and imposition of sentence.

FARRIS and SWANSON, JJ., concur.