[Crim. No. 5655.   Second Dist., Div. Three.   Jan. 3, 1957.]

THE PEOPLE, Respondent, v. CLAYTON ROLAND JOHNSON et al., Appellants.

Forno & Umann for Appellants.

Edmund G. Brown, Attorney General, and Robert S. Rose, Deputy Attorney General, for Respondent.

SHINN, P. J.—Clayton Roland Johnson and Herbert Gene French were accused by information of having in their possession "parts of the plant Genus Lophophora and the buttons thereof, also known as Peyote" in violation of section 11500 of the Health and Safety Code. In a court trial they were convicted and, after their motions for new trial were denied, they appealed from the judgments and the orders. The first contention of appellants is "that the word 'lophophora' is a Latin term, and a botanical term, which is not used in common every-day ordinary English," and that the use of the word in the statute contravenes section 24 of article IV of the Constitution which requires, in part, that all legislative proceedings shall be in no other than the English language.

Section 11001, subdivision (1), of the Health and Safety Code defines as a narcotic "All parts of the plant of the genus lophophora whether growing or otherwise; the buttons thereof, the alkaloids extracted from any such plant; and every compound, salt, derivative, mixture or preparation of such plant." The information was in the terms of the statute except for the addition of the words "also known as Peyote." The definition of "narcotics" contains numerous chemical and botanical terms. The laws are replete with Latin terms that have been adopted as a part of the English language. It is unnecessary to mention instances in which adoption has been

preferred to the devising of definitions expressed in English words more commonly used and understood.

We look first to the dictionaries to ascertain whether a given word is recognized as a part of the English language. Although that may not always be an infallible test it is, in the present case, a satisfactory one. "Lophophora" is defined in Webster's New International Dictionary, Second Edition, Unabridged: "A genus of spineless cacti, family Cactaceae, having as the only known species the mescal (L. Williamsii)." "Peyote" is defined: "A stimulant drug from mescal buttons." The latter term is recognized in section 11530 of the Health and Safety Code as a common name of "the genii of the lophophora." In using the words "Genus Lophophora" in section 11001 the Legislature did not depart from the use of the English language; it recognized them as words that had been adopted as a part of that language.

The requirement that legislative acts shall be written in the English language does not forbid the use of Latin words. If a Latin word has been in common use and carried in the English dictionaries for many years, with a sure and settled meaning, it is proper for the Legislature to put it into a statute. It may have no English equivalent, or no convenient one, but this would not bar its use. The laws relating to habeas corpus are in the English language, and so is section 11001, subdivision (1) of the Health and Safety Code.

The second argument is that "Any person who is told that he is prohibited from possessing the genus lophothora would undoubtedly laugh since he could not possibly know what the genus lophophora was." Appellants expressly concede "that 'peyote' is a word commonly known in the west and southwest, citing People v. Beesly, 119 Cal.App. 82 at p. 88 [6 P.2d 114, 970]." It is also conceded by appellants that if the statute used the word "peyote" this "would be enough to inform any person what the prohibited offense was." If appellants, as they concede, knew what peyote is and were interested to ascertain whether its possession was unlawful they could have done what their counsel have done, namely, consult the dictionaries and the Health and Safety Code and thereby have become sufficiently informed that it was lophophora and that they should leave it alone.

It is no defense to the charge of possession of a narcotic plant that the possessor does not know that its possession is forbidden. Appellants do not deny that they knew they

had peyote in their possession and that it had narcotic properties. Their contentions are wholly without merit.

The judgments and orders are affirmed.

Wood (Parker), J., concurred.

Vallée, J., dissented.

A petition for a rehearing was denied January 16, 1957. Vallée, J., was of the opinion that the petition should be granted.