## BATEMAN v. ARIZONA

No. A–110 (76–5033).   Decided August 16, 1976

Mr. Justice Rehnquist, Circuit Justice.

Applicant has filed a motion denominated an "Application for Bail Pending Certiorari or in the Alternative Application for Stay of Mandate of the Supreme Court of the State of Arizona." Such an applicant—who, in effect, seeks to have a single Justice of this Court stay what the state-court system has concluded should not be stayed—bears a heavy burden of demonstrating that he meets the traditional tests which a Circuit Justice must consider in passing on an application of this sort. Because of the serious questions going to applicant's standing to have this Court hear the question he tenders in his petition for a writ of certiorari, the application will, therefore, be denied.

Applicant was convicted by a jury of one count of sodomy with his wife, in violation of Ariz. Rev. Stat. § 13–651 (Supp. 1973), and of one count of lewd and lascivious acts, to wit, forcing his wife to commit fellatio on him, in violation of Ariz. Rev. Stat. § 13–652 (Supp. 1973). The jury was instructed:

> "Consent is a defense in the infamous crime against nature [the sodomy count], and to the crime of the committing lewd and lascivious acts [the fellatio count]. Any evidence which reasonably tends to show consent is relevant and material."

As applicant notes, the jury verdict of guilty "necessarily impl[ied]" that the jurors found that applicant's wife did not consent. After the trial, upon a renewed motion of applicant, the trial court dismissed the information, holding:

> "It appear[s] to the court that the Arizona statutes on sodomy and lewdness violate the Arizona and U. S. Constitutions because they could violate the right to privacy, and further that this court's interpretation of the statutes to permit the defense of consent without the benefit of legislative or appellate court guidance was improper . . . ."

The Arizona Court of Appeals affirmed, *State* v. *Bateman*, 25 Ariz. App. 1, 540 P. 2d 732 (1975). Thereafter, the Supreme Court of Arizona, after consolidating this case with *State* v. *Callaway*, vacated the Court of Appeals' decision, and remanded the case to the trial court to enter a judgment of conviction and to sentence applicant, 113 Ariz. 107, 547 P. 2d 6 (1976). The Arizona Supreme Court first concluded:

> "The Arizona statutes may . . . be properly construed to prohibit nonconsensual sexual conduct and remain constitutional." *Id.*, at 110, 547 P. 2d, at 9.[1]

The court then noted that "[t]he State may also regulate other sexual misconduct in its rightful concern for the moral welfare of its people," and therefore held:

> "[S]exual activity between two consenting adults in private is not a matter of concern for the State except insofar as the legislature has acted to properly regulate the moral welfare of its people, and has specifically prohibited sodomy and other specified lewd and lascivious acts." *Id.*, at 111, 547 P. 2d, at 10.

---

[1] The court noted that while the distinction between consenting and nonconsenting adults "does not appear facially from the statutes," nonetheless, "statutes do not stand alone. Judicial interpretation adds meaning to a statute as certainly as if the words were placed there by the legislature."

Applicant, in his petition for a writ of certiorari seeking review of this judgment, raises the question of whether the Arizona statutes, as construed, are unconstitutional as prohibiting "some sexual acts between consenting married persons . . . ."

After the Arizona Supreme Court handed down its decision on March 10, 1976,[2] applicant was sentenced to a term of two to four years in the Arizona State Prison on April 15, 1976. On May 11, 1976, the trial judge denied bail pending review in this Court, and, on July 13, 1976, the Arizona Supreme Court likewise denied bail.

Applicant thus presents this application for bail, or, alternatively, for a stay of mandate, to me after similar applications have been denied by two courts, including the highest tribunal of the State of Arizona. In all cases, the fact weighs heavily "that the lower court refused to stay its order pending appeal." *Graves* v. *Barnes,* 405 U. S. 1201, 1203 (1972) (POWELL, J., in chambers). This normal presumption deserves even greater respect in cases where the applicant is asking a Circuit Justice to interfere with the state judicial process. Cf. *Rizzo* v. *Goode,* 423 U. S. 362, 378–380 (1976); *Mitchum* v. *Foster,* 407 U. S. 225, 230–231 (1972); *Younger* v. *Harris,* 401 U. S. 37, 46 (1971). Due respect for the principles of comity necessitates a demonstration of compelling necessity before a single Justice of this Court will stay the considered mandate of the highest state tribunal.[3]

---

[2] A motion for rehearing and an application to stay the judgment pending an application for a writ of certiorari in this Court were denied on April 13, 1976.

[3] Applicant does not claim that there is a constitutional right to bail, after conviction, pending appeal. I am unable to conclude that the standards enunciated in 18 U. S. C. § 3148 apply, to the exclusion of a state court's determination, in the case of a petition for a writ of certiorari to review a state conviction.

No such showing has been made. The threshold—although by no means the only—question is whether there is a reasonable probability that four Justices will vote to grant certiorari, *Graves, supra.* Considered abstractly, and without intimating any view on the merits, the question applicant tenders to this Court might be considered to meet this threshold hurdle. But serious doubts exist as to the ability of this applicant to raise a question concerning consensual sexual activity between married adults. These doubts are not lessened by the fact that the Supreme Court of Arizona chose to decide the issue which applicant now tenders to this Court. The courts of a State are free to follow their own jurisprudence as to who may raise a federal constitutional question, but this Court in reviewing a state-court judgment is bound by the requirements of case and controversy and standing associated with Art. III of the United States Constitution. See, *e. g., Doremus* v. *Board of Education,* 342 U. S. 429, 434 (1952).

First of all, applicant was convicted by a jury that had been charged that consent was a defense. Even assuming, *arguendo,* that this Court would conclude that the Arizona Supreme Court was incorrect in holding that a State may prohibit consensual sexual acts between married adults, it is difficult to see how applicant would be benefited, as his conviction was based on nonconsensual sexual acts, as to which applicant does not press constitutional objections.[4] See *United States* v. *Raines,* 362 U. S. 17 (1960). Doubts such as these make it difficult for me to conclude that appli-

---

[4] There is little indication that Arizona would vitiate applicant's conviction should this Court hold the statutes unconstitutional as applied to consensual behavior; certainly it is not "clear" that they would do so, see *United States* v. *Raines,* 362 U. S. 17, 23 (1960). Indeed, the language of the Arizona Supreme Court, quoted *supra,* at 1303, and n. 1, indicates that the question of nonconsensual activity, applicable here, was decided separately from the question of consensual activity, applicable in deciding *State* v. *Callaway.*

cant's petition for a writ of certiorari has a substantial chance of being granted.[5]

Secondly, applicant petitions from the March 10 decision of the Arizona Supreme Court which vacated and remanded for the imposition of a judgment of conviction and a sentence. This Court is precluded from taking cases unless the petition is from a "final judgment" within the meaning of 28 U. S. C. § 1257. In a criminal case, the "final judgment" is, of course, the imposition of a sentence, *Parr* v. *United States,* 351 U. S. 513, 518 (1956); *Berman* v. *United States,* 302 U. S. 211, 212 (1937). The Arizona Supreme Court did not remand simply for the performance of a ministerial duty—*e. g.,* the reinstating of a judgment of conviction and sentence—but for the initial imposition of a sentence. It seems likely, therefore, that the decision of the Arizona Supreme Court is not a "final judgment." While applicant was sentenced prior to the filing of his petition for a writ of certiorari, there nonetheless remains a question of the finality of the judgment applicant seeks to have reviewed by this Court. Such a doubt weighs against applicant here, *Hortonville Joint School Dist.* v. *Hortonville Education Assn.,* 423 U. S. 1301 (1975) (REHNQUIST, J., in chambers).

These considerations lead me to deny the application.

---

[5] Applicant does not appear to meet the exception whereby the individual may assert a right that cannot otherwise be raised and protected. The question applicant tenders to this Court could be raised, for example, by a person who was convicted after a trial judge had refused to charge a jury that consent is a defense.