587 P.2d 1173

**STATE of Arizona, Appellee,**

v.

**Gregoris Morales VARELA, Appellant.**

No. 4378.

Supreme Court of Arizona,
En Banc.

Nov. 15, 1978.
Rehearing Denied Dec. 19, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Gerald F. Moore, Phoenix, for appellant.

HAYS, Justice.

This is an appeal from a sentence imposed upon Gregoris Morales Varela following his plea of guilty to possession of phenobarbital, a dangerous drug, in violation of A.R.S. § 32–1970(C) as defined in A.R.S. § 32–1901(9). We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e). We affirm.

We must deal with three issues on appeal:

1. whether there was a factual basis for the guilty plea as required by Rule 17.3, Arizona Rules of Criminal Procedure;

2. whether Varela has standing to challenge A.R.S. § 32–1970(C) as an unconstitutional delegation of legislative authority or as an unconstitutional attempt to legislate by reference; and

3. whether A.R.S. § 32–1970(C) as defined in A.R.S. § 32–1901(9) is void for vagueness.

Varela pled guilty to possession of phenobarbital in violation of A.R.S. § 32–1970(C) as defined in A.R.S. § 32–1901(9). Thereafter, the trial court held a hearing to determine the voluntariness of the plea. After complying with all the requirements of Rule 17, Arizona Rules of Criminal Procedure, the court instructed Varela as to what the state would have to prove before he could be convicted. The court indicated, among other things, that the state would have to show that phenobarbital is a "dangerous drug" within the meaning of A.R.S. § 32–1970(C). The court asked Varela if he understood, and he answered affirmatively. The court then asked if he would still like to plead guilty and Varela indicated he would.

The court then asked Varela to explain how he came to have the drug in his possession. Varela gave a brief explanation of where he had obtained the drug, what it was, why it was in his home, how it was packaged, what its effects were supposed to be, what its effects were on him, and his belief that it was in a "usable amount."

The record before the court contained, among other things, a report made by a criminalist employed by the City of Phoenix in which he certified that the phenobarbital in question was a "barbituric acid derivative, a depressant and dangerous drug."

The court made a finding that Varela knowingly, intelligently and voluntarily entered a guilty plea and that there was a factual basis for the crime charged.

## FACTUAL BASIS FOR PLEA

■ Rule 17.3, Arizona Rules of Criminal Procedure, requires that before the trial court may accept a guilty plea, it must satisfy itself that there is a factual basis for the plea. *State v. Herndon*, 109 Ariz. 147, 148, 506 P.2d 1041, 1042 (1973). Such a factual basis must be present for each element of the crime charged. *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975); *Herndon, supra.* This factual basis may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources. *State v. Foster*, 109 Ariz. 14, 15, 504 P.2d 48, 49 (1972); *State v. Logan*, 15 Ariz.App. 457, 459, 489 P.2d 304, 306 (1971). The record must contain a sufficient factual foundation for the crime charged so that the court will "avoid the possibility of acceptance of a plea from a legally innocent defendant who pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations." *State v. Durham*, 108 Ariz. 327, 329, 498 P.2d 149, 151 (1972). However, the court need not be satisfied beyond a reasonable doubt that the defendant is guilty. *State v. Norris*, 113 Ariz. 558, 559, 558 P.2d 903, 904 (1976). It must only find " 'strong evidence of actual guilt.' " *Id.*

■ On appeal, Varela argues that there is no factual basis in the record from which the court could have concluded that phenobarbital is a "dangerous drug" the possession of which violates A.R.S. § 32–1970(C). A "dangerous drug" is defined in A.R.S. § 32–1901(9) by giving a series of characteristics followed by the chemical name for specific drugs having those characteristics. The definition in question, found in A.R.S. § 32–1901(9)(c), defines a dangerous drug as:

"Any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a depressant effect on the central nervous system:

"(i) Any substance which contains any quantity of *a derivative of barbituric acid,* or any salt of a derivative of barbituric acid, unless specifically excepted." (Emphasis added).

There follows fifteen chemical names for various substances belonging to this group of depressants. However, that list is not exclusive. A.R.S. § 32–1901(9).

■ The definition found in 9(c)(i) above, which specifically mentions barbituric acid, would appear to give at least some factual basis to the proposition that phenobarbital is a "dangerous drug" based on the similarity of the names alone. In addition, Varela admitted that he knew the state would be required to prove phenobarbital was a dangerous drug and indicated that he still wished to plead guilty. He also indicated that he tried out the drug because he thought the drug was a depressant. There was also a report filed by a criminalist who was employed by the City of Phoenix who had analyzed the drug found in Varela's possession and certified that it was "a barbituric acid derivative, a depressant and dangerous drug." We believe that this report, along with the other evidence before the trial court, supplied sufficient factual basis to allow the court to find "strong evidence" of the presence of this essential element of the crime charged. Since there is no question, and Varela does not allege there is, that all other elements of the crime charged are supported by a factual basis, we conclude that the trial court acted correctly in accepting Varela's guilty plea.

## STANDING

■ Varela argues that allowing the State Board of Pharmacy to designate a chemical compound as a "dangerous drug" pursuant to A.R.S. § 32–1901(9) is an unconstitutional delegation of legislative authority and that the statute is therefore void. Although we find little merit in this argument, we are not required to examine it further since we find Varela has no standing to raise it.

Varela was sentenced for possession of phenobarbital, a dangerous drug, not because the State Board of Pharmacy made a

determination that phenobarbital was a dangerous drug, but because the court found a sufficient factual basis in the record to believe it was a "derivative of barbituric acid" which is listed as a dangerous drug in A.R.S. § 32–1901(9)(c)(i). No action by the State Board of Pharmacy had any impact whatsoever on Varela in this case. It was the legislative designation that a "derivative of barbituric acid" is a dangerous drug that made Varela's act proscribed.

There is much authority for the proposition that a defendant has no standing to attack a statute on grounds not applicable to himself. *E. g., People v. Spaniel*, 262 Cal.App.2d 878, 889, 69 Cal.Rptr. 202, 209 (1968); *Kreisher v. State*, 319 A.2d 31, 32 (Del.1974); *People v. Peterson*, 16 Ill.App.3d 1025, 1029, 307 N.E.2d 405, 409 (1974); *Chain v. State*, 333 N.E.2d 792, 793 (Ind. App.1975); *State v. Rowe*, 60 Wash.2d 797, 799, 376 P.2d 446, 447 (1962); *State v. Martin*, 14 Wash.App. 717, 544 P.2d 750 (1976). We conclude that Varela had no standing to challenge the delegation of legislative authority in question.

Varela also argues that A.R.S. § 32–1901(9), which allows the State Board of Pharmacy to designate a chemical compound as a "dangerous drug," although not specifically listed as such in the statute, allows legislation by reference which is prohibited by article IV, part 2, section 14 of the Arizona Constitution. We find no merit in this argument, but, like the previous argument, we are not required to discuss it further since we find Varela has no standing to raise it. "A person may not urge the unconstitutionality of a statute unless he is harmfully affected by the particular feature of the statute alleged to be violative of the constitution." *State v. Rowe*, 60 Wash.2d 797, 799, 376 P.2d 446, 447 (1962). Since the State Board of Pharmacy has taken no action which has had any effect on Varela, he may not challenge this particular provision of the statute.

## VOID FOR VAGUENESS

Varela argues that A.R.S. § 32–1970(C) as defined in A.R.S. § 32–1901(9) does not give sufficient notice of the proscribed substances and thus is void for vagueness.

The basic rule in reviewing a statute for vagueness is to determine whether the offense is defined in terms that people of average intelligence can understand, *State v. Bateman*, 113 Ariz. 107, 109, 547 P.2d 6, 8, *cert. denied*, 429 U.S. 1302, 97 S.Ct. 1, 50 L.Ed.2d 32 (1976), since no one may be required at the risk of his liberty to speculate as to the meaning of a penal statute. *Id.* But a penal statute is not unconstitutionally vague simply because it uses terms with which the average person is unfamiliar. *People v. Poulin*, 27 Cal.App.3d 54, 61, 103 Cal.Rptr. 623, 627 (1972); *People v. Johnson*, 147 Cal.App.2d 417, 419, 305 P.2d 82, 84 (1957).

Varela argues that A.R.S. § 32–1901(9) does not give adequate notice to the person of average intelligence that phenobarbital is a dangerous drug. We do not agree. Although the word phenobarbital is not found in the statute, the phrase "derivative of barbituric acid" is. Assuming that Varela were interested in finding out whether phenobarbital was included in that phrase, he need only look up the term in a dictionary. *People v. Poulin, supra; People v. Johnson, supra.* Webster's Third New International Dictionary (1965) defines phenobarbital as a "crystalline barbiturate—barbituric acid." Such definition would certainly have provided Varela with adequate notice of the criminal nature of his act.

We do not believe that the meaning of a statutory term or phrase, when the use of a technical vocabulary is unavoidable, need be within the common knowledge of the average person in order to give due process notice. *See People v. Poulin, supra; People v. Johnson, supra; People v. Plywood Mfg.'s of California*, 137 Cal.App.2d Supp. 859, 866, 291 P.2d 587, 592 (1955), *appeal dismissed, Union Oil Co. v. People of State of Cal.*, 351 U.S. 929, 76 S.Ct. 787, 100 L.Ed. 1458 (1956). A technical term or phrase need only be readily defined from a source available to the average person. *See People v. Poulin, supra; People v. Johnson,*

*supra.* Had Varela been interested in finding out if phenobarbital were a proscribed substance he could have easily done so. We therefore conclude that A.R.S. § 32–1970(C) as defined in A.R.S. § 32–1901(9) is not void for vagueness.

Varela also argues that the statutes are void for vagueness because other substances may be added by the State Board of Pharmacy. As we have already indicated, no such substances have been added by the State Board of Pharmacy which are relevant to this case. Since Varela has not been affected in any way by this particular feature of the statute, he has no standing to challenge it at this time. *State v. Rowe, supra.*

Sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.