Bruce L. HELMICH, Plaintiff,

v.

Maj. Lewis G. NIBERT, Asst. A. G.; Adjutant General, 1st U. S. Army; Commanding General, 1st U. S. Army, Defendants.

Civ. No. H–81–2464.

United States District Court,
D. Maryland.

June 22, 1982.

Bruce L. Helmich, pro se.

David Dart Queen, Asst. U. S. Atty., Baltimore, Md., and Stephen A. J. Eisenberg, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

This is a civil action filed *pro se* by a federal prisoner. Bruce L. Helmich, plain-

tiff, is presently confined in the Federal Correctional Institution in Tallahassee, Florida. On January 12, 1981, plaintiff was found guilty by a jury in the United States District Court for the Northern District of Georgia on all Counts of a three Count indictment. The indictment charged plaintiff with planting a bomb at the Hartsfield Atlanta International Airport and threatening to destroy the Airport unless provided with $2.5 million dollars by the Airport and by two airlines, all in violation of 18 U.S.C. §§ 844(e) and 1951, and 26 U.S.C. § 5861. On February 25, 1981, plaintiff was sentenced to a twelve year term of imprisonment in connection with these offenses. At all relevant times, plaintiff was a member of the United States Army Reserve.

Upon notification of the sentence, the Reserve moved to drop plaintiff from its rolls, pursuant to Army Rule 135–75, ¶ 3–3b, which provides:

> Officers may be dropped from the rolls of the Army for the following reasons * * * (b) Sentenced to confinement in a Federal * * * correctional institution after having been found guilty of an offense by a civil court, provided the sentence has become final, whether or not the officer is actually confined.

By letter to plaintiff dated April 30, 1981 and signed by defendant Major Lewis R. Nibert on behalf of the Commanding General of the First United States Army, plaintiff was formally dropped from the Army's rolls.

On September 4, 1981, plaintiff, proceeding *pro se*, filed this suit, presumably under 28 U.S.C. § 1331, *see Reed v. Franke*, 297 F.2d 17, 21 (4th Cir. 1961). As relief, plaintiff asks that he be reinstated on the Army's rolls pending consideration of his case by a board of officers. In subsequent pleadings, it appears that plaintiff is not asserting that the absence of a board violated his rights under the Army Rule or under the nearly identical statute, 10 U.S.C. § 1611, or its companion statute, which specifically relates to the Army Reserve, 10

U.S.C. § 1162. Rather, he contends that there is a violation of due process under the Fifth Amendment whenever any reservist is stricken from the rolls without a board hearing and that it is his constitutional rights which have been infringed. Named as defendants are Major Nibert (who signed the letter), Col. Ruth Simmons, Adjutant General, First Army, and Lt. General Donald Rosenbloom, Commanding General, First Army.

Presently pending before the Court is defendants' motion to dismiss or for summary judgment. Various exhibits have been filed in support of this motion. Memoranda have been submitted supporting and opposing the motion. Having reviewed these, the Court is satisfied that no hearing is necessary for a ruling on the motion. *See* Local Rule 6. For the reasons set forth herein, the Court will grant defendants' motion and enter judgment in favor of defendants.

Defendants present a number of grounds for dismissal or for summary judgment. Although many of these grounds appear to have merit, they need not be reached inasmuch as this Court has concluded that the pending complaint must be dismissed for failure to state a claim.

■ The Fifth Amendment accords due process rights only where life, liberty or property are taken. Plaintiff's life was not in question in his removal from the rolls. It is also clear that no property interest of his was involved, because plaintiff had no property interest in his military status. *Amato v. Chafee*, 337 F.Supp. 1214, 1216 (D.D.C. 1972); *Reed v. Franke*, 187 F.Supp. 905, 908 (E.D.Va.1960), *aff'd*, 297 F.2d 17 (4th Cir. 1961). Liberty interests are involved only when separation from the military is carried out in such fashion as to stigmatize the separated member, typically by dishonorable discharge. *Sims v. Fox*, 505 F.2d 857, 862–4 (5th Cir. 1974). Here, the separation was carried out merely by dropping plaintiff from the rolls. This is clearly not

equivalent to a discharge. Army Regulation 630-10, ¶¶ 1-3. It is purely a nondisciplinary administrative action which carries no connotations, good or bad, and it thus cannot deprive plaintiff of any liberty interest. Accordingly, this Court concludes that plaintiff had no due process right in his being dropped from the Army rolls.

■ Even assuming that plaintiff could show that he possessed a due process right cognizable by this Court, he has not asserted facts which would make a case for the violation of that right. Taking as true plaintiff's allegation that the Army Reserve did no independent factfinding as to plaintiff's guilt in the federal criminal case in question and that plaintiff was not afforded any opportunity to argue that, assuming his guilt, he should nonetheless be retained on the rolls, he has still not stated a claim for violation of his due process rights.

■ Plaintiff has failed to show an absence of procedural due process. He has not and indeed cannot allege that in his criminal case the government failed to meet its burden of proving the case against him beyond a reasonable doubt and that he was denied judicial property rights. For judicial purposes, his guilt is *res judicata*. While the Army could of course conduct an independent investigation into plaintiff's guilt, it is not required to do so but may instead rely on the valid judgment of a court. Indeed, an Army board is not even required to reopen *Army* administrative factfinding proceedings. *Woodard v. Marsh*, 658 F.2d 989, 995-6 (5th Cir. 1981) (procedural due process did not require Army Reserve Board to inquire into controverted accuracy of certificate stating that plaintiff had failed to meet academic criteria, where plaintiff was given honorable discharge). The honorable separation of a reservist never creates any procedural due process requirement. *Sims v. Fox, supra; Ampleman v. Schlesinger*, 534 F.2d 825 (8th Cir. 1976).

■ Plaintiff relies on the fact that he was not given the right to argue against the Army policy of dropping those sentenced for federal crimes from its rolls, or to argue against its application in his particular case. But these denials do not result in a violation of his right to substantive due process. *See Beller v. Middendorf*, 632 F.2d 788, 807-812 (9th Cir. 1980) (substantive due process did not forbid the Navy from requiring the discharge of all active homosexuals, or require the Navy to show that those interests protected by its anti-homosexual policy would not be contravened by making exceptions for certain individual dischargees).

■ Plaintiff apparently did not appeal his conviction and sentence in the United States District Court for the Northern District of Georgia. He has informed the Court, however, that he has collaterally attacked his conviction by way of a motion filed under 28 U.S.C. § 2255. However, a collateral attack does not affect the finality of a sentence. A final sentence in a criminal case amounts to a final judgment. *Bateman v. Arizona*, 429 U.S. 1302, 1306, 97 S.Ct. 1, 3, 50 L.Ed.2d 32 (1976) (Rehnquist, J., in Chambers). Final judgment for appellate purposes occurs when the Clerk of the District Court enters the record of judgment. Rule 4(b), F.R.A.P. The Clerk of the District Court for the Northern District of Georgia entered the judgment in plaintiff's case on February 27, 1981. Thus, plaintiff was subject to a final sentence within the terms of AR 135-75 on April 10, 1981, the date he was dropped from the Army rolls.

■ Plaintiff argues that his due process rights were infringed when he was dropped from the Army rolls while a collateral attack on his sentence was still possible. However, because there is no right to membership in the Armed Forces, *any* rational basis for exclusion will satisfy due process requirements so long as it does not violate protected interests. *Beller, supra*,

at 807–8. Plaintiff hardly has a protected interest in requiring that his presumption of innocence be maintained while he mounts a collateral attack on his conviction. The Army Reserve could discharge plaintiff for any rational reason, and the Reserve's desire to exclude convicted criminals from its ranks is obviously rational. Finally, if plaintiff's present collateral attack on his conviction should ultimately result in his exoneration, he would be free to apply to the Army Board for the Correction of Military Records for the correction of his records, for any lost pay and for his restoration to full military status. 10 U.S.C. § 1552.

For all these reasons, this Court concludes that plaintiff has failed to state a claim for a violation of his Fifth Amendment rights. The case must therefore be dismissed.

Accordingly, it is this 22nd day of June, 1982, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motion to dismiss be and the same is hereby granted;

2. That judgment is hereby entered in favor of the defendants; and

3. That the Clerk is directed to send a copy of this Memorandum and Order to plaintiff and to the attorneys for defendants.