JULIAN v. UNITED STATES

No. A–1071.   Decided July 13, 1983

JUSTICE REHNQUIST, Circuit Justice.

Applicant has filed a motion for bail pending disposition of his petition for writ of certiorari.   He was arrested in Los Angeles on May 7, 1980, while attempting to board a nonstop flight to Lima, Peru.   Prior to the scheduled departure time, a customs official had announced that anyone taking more than $5,000 currency out of the country was required to file a report with the Customs Service.   When stopped on the boarding ramp, applicant acknowledged that he had heard the announcement but denied that he was carrying more than $5,000.   He repeated this denial during subsequent questioning, but a search of his person and belongings revealed approximately $29,000 in cash as well as a variety of narcotics paraphernalia.

Following a jury trial in the United States District Court for the Central District of California, applicant was convicted of attempted importation of narcotics; making false statements to a Government official, in violation of 18 U. S. C. § 1001; and failing to file a report in connection with the transportation of more than $5,000 outside the United States, in violation of 84 Stat. 1122, 31 U. S. C. § 1101.   He was sentenced to concurrent 5-year terms and fined $5,000 each on

the first two counts. He received a consecutive 1-year term and a $5,000 fine on the third count.

Applicant was freed on bond pending appeal. The Court of Appeals, by a divided vote, affirmed his conviction in all respects, and this application followed. For the reasons explained below, the application is denied.

The standards to be applied are well established. Applications for bail to this Court are granted only in extraordinary circumstances, especially where, as here, "the lower court refused to stay its order pending appeal." *Graves* v. *Barnes*, 405 U. S. 1201, 1203 (1972) (POWELL, J., in chambers). At a minimum, a bail applicant must demonstrate a reasonable probability that four Justices are likely to vote to grant certiorari. *Bateman* v. *Arizona*, 429 U. S. 1302, 1305 (1976) (REHNQUIST, J., in chambers).

Applicant raises a number of contentions in his petition, none of which, I believe, is likely to command the vote of four Justices. First, he argues that 18 U. S. C. § 1001 does not apply to his statements at all because those statements were oral, unsworn, exculpatory, and immaterial. A fair reading of the statute, however, brings applicant's false statements to the customs official squarely within the prohibition of § 1001.* Second, applicant contends that a conviction under both 18 U. S. C. § 1001 and 31 U. S. C. § 1101 violates the Double Jeopardy Clause. But under the principle of statutory construction established in *Blockburger* v. *United States*, 284 U. S. 299, 304 (1932), cumulative punishments under separate statutes are permitted provided only that each statute requires proof of a fact not required by the

---

*Title 18 U. S. C. §1001 provides in relevant part:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both."

other.  Title 18 U. S. C. § 1001 requires a finding that applicant misled a Government official by material false statements.  Title 31 U. S. C. § 1101 requires a different finding that applicant failed to file the required currency reporting form.  Thus, the *Blockburger* test is satisfied, and *a fortiori* there is no double jeopardy.

Applicant also claims that the evidence taken from his person and his luggage was the fruit of unconstitutional searches and should have been suppressed.  But see *United States* v. *Ramsey*, 431 U. S. 606, 616–619 (1977) (border searches require neither probable cause nor a warrant).  Applicant's remaining contentions are even less substantial.

For these reasons, the application is

*Denied.*