830 P.2d 869

STATE of Arizona, Appellee,

v.

Robert Edward STEVENSON, Appellant.

No. 1 CA–CR 90–1619.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 17, 1991.

Review Denied June 16, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

MELVYN T. SHELLEY, Retired Judge.

Appellant Robert Edward Stevenson (defendant) was indicted on three counts of the sale of narcotic drugs, class 2 felonies. He pled guilty pursuant to a plea agreement to conspiracy to sell a narcotic drug, a class 2 felony. The three original charges were dismissed, together with enhancement allegations. Defendant was given a nine-year sentence with presentence incarceration credit of 416 days, together with a fine and mandatory felony assessment.

■ He timely appealed, asserting that the factual basis presented does not support a plea of guilty to the charge of conspiracy to sell a narcotic drug. The following is the factual basis given at the time of entry of the plea.

Q. All right. Why don't you tell me what happened June 16, 1989.

A. I sold rock cocaine to an undercover narcotics agency agent.

Q. Where was that, sir?

A. That was up on 19th Avenue and Pima, Apartment 1—110.

Q. Okay. How much money was involved?

A. About probably, probably 50.

Q. Do you have any idea how much substance was involved? How much was sold?

A. No.

THE COURT: All right. Does counsel want to supply a factual basis for that matter?

MR. KEMP: Yes, Your Honor. The lab report was done and 270 milligrams of cocaine was sold in exchange for $20.

THE COURT: Do you agree, Mr. Stevenson, that happened on June 16, 1989?

THE DEFENDANT: Yes.

THE COURT: Does either counsel have any questions or additions to the factual basis?

MR. KEMP: No, Your Honor.

MR. GAZIANO: No, sir.

In *State v. Sodders*, 130 Ariz. 23, 25, 633 P.2d 432, 434 (App.1981), this court stated:

The factual basis may be determined from the extended record which may include presentence report, preliminary hearing transcripts, statements of the defendant, proceedings before the grand jury, and other sources. *State v. Varela*, 120 Ariz. 596, 587 P.2d 1173 (1978).

The grand jury transcript reads:

A. At this location Detective Casias was working in an undercover capacity and driving through the area, just driving through the area checking for narcotic activity. And as he approached 2000 West Pima, he observed a couple of black male subjects standing along the street next to a Pontiac.

So he drove past the [sic] them and then turned around and drove past them again. And he pulled his undercover vehicle over to the side of the street, and at this time a black male subject came up and asked him if he was the police.

At this time Detective Casias said no, he wasn't, and another Mexican Male came up and said, "No, he's not the police."

And then at this time Detective Casias looked at the guy and said, "Aren't you Big Daddy Cane?"

And he said, "Yeah." He said, "What do you need?"

At this time the black male, Mr. Stevenson, stated that he was "Big Daddy Cane," and asked him again what he needed.

Detective Casias said he wanted a $20 rock.

So at this time, Big Daddy Cane, known as Robert Stevenson, pulled out a small, whitish-colored chunky substance from his pocket and extended his hand to Detective Casias.

Casias looked at it and picked it up and after he was satisfied that it was cocaine, he gave him $20 in U.S. currency. And he thanked him and then left the area returning to the police station.

No other facts were provided to the court. There is no other indication that the other two males had any connection with the cocaine nor played any part in the transaction.

In *State v. Chitwood*, 73 Ariz. 161, 166, 239 P.2d 353, 358 (1951), our supreme court stated:

> The law is that where the agreement is to commit an offense which can only be committed by the concerted action of the two persons to the agreement, such agreement does not amount to a conspiracy. This would be true of an agreement to commit adultery, or of an agreement where one person agrees with a public official to pay the latter a bribe in consideration of some illegal benefit to be received by the payer. Under such circumstances the agreement to commit adultery and the agreement to commit bribery merge in the completed act.

■ In the present case, the only two persons involved were the defendant and the officer. There was no evidence of any advance agreement. The officer requested to buy the cocaine and the defendant sold it, all occurring simultaneously. In *State v. Stanley*, 123 Ariz. 95, 104, 597 P.2d 998, 1007 (1979), this court stated:

> A conspiracy to commit armed robbery does not exist unless there is an agreement between two or more persons to commit armed robbery, and an overt action is taken in furtherance of the agreement.... The overt act which is required for a conspiracy to exist can be any act which naturally advances the intent of the conspiracy.

Thus, the law presupposes there must be an agreement between two or more persons to commit a crime, together with any act which naturally advances the intent of the conspiracy. This presupposes that the conspirators have agreed to commit a specific crime, i.e., conspiring to sell narcotic drugs. It does *not* encompass the situation where the defendant sells contraband

on request without even any preliminary discussions.

The record made at the time of the change of plea, together with the extended record, fails to set forth a factual basis for a plea of guilty to the charge of conspiracy to sell a narcotic drug, a class 2 felony.

The plea of guilty and the sentence imposed are vacated. The original charges, together with the enhancement allegations, are hereby reinstated. This case is remanded to the trial court for further proceedings consistent with this decision.

FIDEL, P.J., and VOSS, J., concur.

Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.