IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*

*v.*

ANTONE ALEX GILL,
*Appellant.*

No. 2 CA-CR 2013-0156
Filed March 3, 2014

---

Appeal from the Superior Court in Pima County
No. CR20104278001
The Honorable Deborah Bernini, Judge

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Amy M. Thorson, Assistant Attorney General, Tucson
*Counsel for Appellee*

West, Elsberry, Longenbaugh & Zickerman, PLLC, Tucson
By Anne Elsberry
*Counsel for Appellant*

---

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

---

E C K E R S T R O M, Judge:

¶1         Following a jury trial, appellant Antone Gill was convicted of criminal damage and two counts of aggravated driving under the influence of an intoxicant (DUI).  He was sentenced to concurrent prison terms, the longest of which were three years.  On appeal, Gill argues the doctrine of *corpus delicti* required the trial court to grant his motions for judgment of acquittal made pursuant to Rule 20, Ariz. R. Crim. P.[1]  For the following reasons, we affirm his convictions and sentences but vacate portions of the criminal restitution order entered at sentencing.

## Factual and Procedural Background

¶2         We view the evidence presented at trial in the light most favorable to upholding the verdicts.  *See State v. Chappell*, 225 Ariz. 229, n.1, 236 P.3d 1176, 1180 n.1 (2010).  In the early morning hours of December 16, 2010, law enforcement officers from the Tucson Police Department responded to a report of a vehicular accident in a residential neighborhood caused by "a possible drunk driver."  The officers discovered that a pickup truck had collided with a parked boat, causing over $5,000 in damages to the boat.  No one was in or around the truck when the officers responded to the scene, but they learned that Gill lived several houses away.

¶3         The officers went to Gill's residence and found him awake and in the process of showering.  His girlfriend, Julie, testified that Gill had been out that night, she had heard him come home, and then, about five minutes later, she had heard the police

---

[1]We do not address Gill's passing assertion that the trial court also erred in denying his motion for a mistrial, as he has failed to develop any argument on this issue in his appellate briefs.  *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) (opening brief must include "[a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (finding waiver due to insufficient argument on appeal).

knocking at the door. When the officers spoke with Gill, they noted he slurred his speech, swayed while standing, staggered while walking, and emanated a strong odor of intoxicants. Gill admitted he had been drinking and driving the truck, and he told the officers he thought he had hit a curb. Julie testified the truck belonged to Gill's deceased friend and Gill sometimes kept it at his house when he "needed to use it for work or something." She removed Gill's tools and property from the truck before it was towed away.

¶4 At the close of the evidence, Gill moved for judgment of acquittal based on the doctrine of *corpus delicti*, claiming no evidence except his own statements established that he had been driving or that a DUI had occurred. The trial court denied the motion as to the charges at issue here. The jury subsequently found him guilty of aggravated DUI based on his driving with a suspended, revoked, or restricted license, *see* A.R.S. §§ 28-1381(A)(1), 28-1383(A)(1), aggravated DUI with at least two prior DUI convictions, *see* §§ 28-1381(A)(1), 28-1383(A)(2), and criminal damage in an amount of at least $2,000 but less than $10,000, *see* A.R.S. § 13-1602(A)(1), (B)(3).[2] The court denied Gill's renewed Rule 20 motion, and this timely appeal followed the entry of judgment and sentence.

## Rule 20

¶5 On appeal, Gill again claims the evidence was insufficient to sustain his convictions because the state failed to establish *corpus delicti*. "[T]o establish corpus delicti there must appear some proof of a certain result, and that some one is criminally responsible therefor." *State v. Weis*, 92 Ariz. 254, 260, 375 P.2d 735, 739 (1962). This common law rule prevents a defendant from being convicted "based upon 'an uncorroborated confession without independent proof of the corpus delicti, or the body of the crime.'" *State v. Rubiano*, 214 Ariz. 184, ¶ 6, 150 P.3d 271, 272-73 (App. 2007), *quoting State v. Morgan*, 204 Ariz. 166, ¶ 15, 61 P.3d 460,

---

[2]We cite the versions of the criminal statutes in effect at the time of Gill's offenses. *See* 2009 Ariz. Sess. Laws, ch. 144, § 2 (criminal damage) and ch. 124, § 1 (DUI); 2008 Ariz. Sess. Laws, ch. 286, § 15 (aggravated DUI).

464 (App. 2002). In a DUI case, this means that the state must show independent evidence, beyond the defendant's own pretrial statements, that the crime of DUI has occurred. *State ex rel. McDougall v. Superior Court*, 188 Ariz. 147, 149, 933 P.2d 1215, 1217 (App. 1996). But "corpus delicti can be established by circumstantial evidence alone," *State v. Butler*, 82 Ariz. 25, 29, 307 P.2d 916, 919 (1957), or through "independent corroboration of the defendant's statements." *Chappell*, 225 Ariz. 229, ¶ 9, 236 P.3d at 1181.

¶6 Here, circumstantial and independent evidence corroborated Gill's statements and established that the crime of DUI actually had occurred. First, the nature of the car accident suggested it was the result of someone driving while "impaired to the slightest degree" by alcohol. § 28-1381(A)(1). The accident happened at approximately 1:30 a.m. in a residential neighborhood, it involved a parked vehicle, and the driver responsible for the collision had fled the scene. These circumstances suggested the accident was caused by "a possible drunk driver," as an unknown declarant had apparently reported to the police. When hearsay evidence like this is not objected to at trial, it becomes competent evidence in the case. *See State v. McGann*, 132 Ariz. 296, 299, 645 P.2d 811, 814 (1982).

¶7 Additionally, Julie reported that Gill sometimes used the truck involved in the accident, and his property was in it at that time. Gill was also away from home on the night of the collision and returned to his house shortly before the police arrived. He was thus near the place where the accident had occurred and visibly intoxicated around the same time. This independent evidence corroborated his confession that he had been drinking and driving the vehicle involved in the accident.

¶8 Accordingly, we find the doctrine of *corpus delicti* inapplicable here, as there was no shortage of evidence showing a DUI had occurred. We likewise find no deficiency in the evidence related to the criminal damage charge. The crime of criminal damage was established, at least circumstantially, by the damage that was caused to the victim's boat as a result of the DUI offense. *See* § 13-1602(A)(1) (proscribing reckless damage of another's property).

¶9     In sum, whether we review the trial court's ruling for an abuse of discretion, *see Chappell*, 225 Ariz. 229, ¶ 8, 236 P.3d at 1181, or de novo, *see State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011), we find no error in the denial of the Rule 20 motions in this case.  And because we find no grounds for relief on the merits of Gill's claim, we need not address the state's arguments that "the corpus delicti doctrine has no place in Arizona law."

## Criminal Restitution Order

¶10     In resolving this appeal, we have independently discovered an error concerning the criminal restitution order (CRO) entered in this case.  At Gill's sentencing, in April 2013, the trial court ordered him to pay a $25 indigent administrative assessment, a $20 time payment fee, $400 in attorney fees, and $5,607.34 in victim restitution.  The court then reduced all "fees, assessments, and/or restitution" to a CRO, "with no interest, penalties or collection fees to accrue" during Gill's incarceration.  For the reasons set forth in our recent opinion of *State v. Cota*, No. 2 CA-CR 2013-0185, ¶¶ 15-17 (Ariz. Ct. App. Feb. 25, 2014), the CRO is illegal and unauthorized for all but the restitution amount.  We therefore vacate the portion of the CRO concerning fees and assessments.  *See id.* ¶ 19.  We do not disturb the suspension of interest on the restitution balance during Gill's incarceration, even though the CRO is "'illegally lenient'" in this respect, because the state has not separately appealed this issue. *Id.* ¶ 18, *quoting State v. Holguin*, 177 Ariz. 589, 592, 870 P.2d 407, 410 (App. 1993).

## Disposition

¶11     For the foregoing reasons, we affirm Gill's convictions and sentences.  We also affirm the CRO with respect to the $5,607.34 restitution award and the suspension of interest thereon, but we vacate the remainder of the CRO.