NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CURTIS EUGENE BROWN, *Appellant.*

No. 1 CA-CR 14-0782
FILED 2-25-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-111450-001
The Honorable Erin O'Brien Otis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

J O H N S E N, Judge:

¶1 Curtis Eugene Brown appeals his conviction of misconduct involving weapons, a Class 4 felony. For the reasons that follow, we affirm his conviction and resulting sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Responding to 9-1-1 calls reporting shots had been fired, an officer encountered Brown, who had been shot in the calf.[1] Brown gave the officer two differing accounts of how he had been shot. At trial, the officer testified Brown first told him that someone had shot him, then he changed his story and said he accidentally had shot himself. After the close of the State's case, Brown moved for a directed verdict, arguing the State had failed to offer sufficient evidence of the crime aside from Brown's own admission. The superior court denied the motion.

¶3 The jury found Brown guilty, and the superior court sentenced him to 10 years' imprisonment. Brown timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[2]

## DISCUSSION

¶4 Brown argues the State failed to establish the corpus delicti for misconduct involving weapons aside from his own admission.[3] "We

---

[1] We view the trial evidence in the light most favorable to sustaining the jury's verdict. *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

[3] The State urges this court to hold the corpus delicti doctrine invalid. Our supreme court still recognizes the validity of the doctrine, *see State v.*

review a ruling on the sufficiency of the evidence of corpus delicti for abuse of discretion." *State v. Carlson*, 237 Ariz. 381, 387, ¶ 7 (2015) (quoting *State v. Morris*, 215 Ariz. 324, 333, ¶ 33 (2007)). The corpus delicti doctrine prevents a defendant from being convicted based on his "uncorroborated confession without independent proof of the corpus delicti, or the 'body of the crime.'" *State v. Morgan*, 204 Ariz. 166, 170, ¶ 15 (App. 2002). "An accused may not be convicted on his own uncorroborated confession." *State v. Gerlaugh*, 134 Ariz. 164, 170 (1982). Under the doctrine, a defendant's confession may be admitted as evidence as long as the jury is presented with other corroborating evidence from which it can infer that the charged crime occurred. *Carlson*, 237 Ariz. at 387, ¶ 8. The corpus delicti can be established through independent corroboration of the defendant's statements or by circumstantial evidence alone. *State v. Gill*, 234 Ariz. 186, 188, ¶ 5 (App. 2014).

¶5        The crime of misconduct involving weapons requires proof the defendant knowingly possessed a deadly weapon and that he did so while he was a prohibited possessor. *See* A.R.S. § 13-3102(A)(4) (2016). A prohibited possessor includes one who has been convicted of a felony and "whose civil right to possess or carry a gun or firearm has not been restored." A.R.S. § 13-3101(7)(b) (2016). At trial, Brown admitted he had been convicted of a previous felony and stipulated that his civil right to carry or possess a firearm had not been restored at the time of the incident. Accordingly, only Brown's possession of the firearm was at issue.

¶6        Aside from Brown's admission, there was circumstantial evidence supporting his conviction. The responding officer testified there was no one else at the residence or on the street when he responded to the report of a shooting. The firearm found inside the residence had four empty casings, indicating that it had been discharged. The responding officer also testified that Brown was bleeding when he encountered him, and that he observed blood on the carpet just a few feet away from where the firearm was retrieved. The responding officer testified he saw a hole at the bottom of Brown's pants pocket that was consistent with the bullet wound in Brown's calf. This evidence, although circumstantial, corroborated Brown's admission that he had shot himself in the calf and therefore had possessed the firearm. *See Gill*, 234 Ariz. at 188, ¶ 5 ("corpus delicti can be established by circumstantial evidence alone" (citations omitted)).

---

*Carlson*, 237 Ariz. 381, 387-89, ¶¶ 7-16 (2015), and this Court has no authority to overrule our supreme court, *see Myers v. Reeb*, 190 Ariz. 341, 342 (App. 1997).

**CONCLUSION**

¶7      For the foregoing reasons, we affirm Brown's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama