NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARCO AGUILAR-MEDINA, *Petitioner*.

No. 1 CA-CR 19-0085 PRPC
FILED 12-10-2019

Petition for Review from the Superior Court in Coconino County
No. CR2016-00587
The Honorable Mark R. Moran, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Mark Dillon Huston
*Counsel for Respondent*

Marco Aguilar-Medina, San Luis
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

**J O N E S,** Judge:

**¶1**        Marco Aguilar-Medina petitions this Court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In July 2016, Aguilar-Medina drove while intoxicated with his three children in the car. He lost control of his vehicle and crashed, causing the death of one child and injuring the other two. The State indicted him on one count of manslaughter, two counts of aggravated assault, and two counts of aggravated driving under the influence (DUI).

**¶3**        The manslaughter charge was premised on the defendant "[r]ecklessly causing the death of another person," Arizona Revised Statutes (A.R.S.) § 13-1103(A)(1),[1] and the aggravated assault was based on the defendant "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" by using his vehicle as "a deadly weapon or dangerous instrument," A.R.S. §§ 13-1203(A)(1), -1204(A)(2). One DUI count alleged Aguilar-Medina was "impaired to the slightest degree," A.R.S. § 28-1381(A)(1), whereas the other count alleged he had a blood "alcohol concentration of 0.08 or more within two hours of driving," A.R.S. § 28-1381(A)(2). The DUI counts were aggravated because Aguilar-Medina's two injured children were both under the age of fifteen. *See* A.R.S. § 28-1383(A)(3)(a).

**¶4**        In an open plea to the superior court, Aguilar-Medina pled no contest to all counts of the indictment. The court sentenced him to

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

presumptive consecutive and concurrent terms totaling 25.5 years' imprisonment.

¶5  Aguilar-Medina timely initiated a proceeding for post-conviction relief, and the superior court appointed counsel to represent him.  After reviewing the record, correspondence from Aguilar-Medina, and other pertinent materials, counsel stated she could find no colorable claims to pursue.  With the permission of the court, Aguilar-Medina filed a *pro se* petition for post-conviction relief.  The court summarily dismissed the petition, and Aguilar-Medina timely seeks review of that decision.

¶6  In his petition for review, Aguilar-Medina contends he presented the following colorable claims: (1) his no contest plea to the manslaughter and aggravated assault counts was not supported by a sufficient factual basis; (2) the aggravated DUI counts constitute "multiplicitous" charges that resulted in double jeopardy; and (3) both his plea attorney and post-conviction counsel provided ineffective assistance. We review the superior court's decision for an abuse of discretion.  *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (citations omitted).

## DISCUSSION

### I. Petitioner's No Contest Plea Is Supported By The Record.

¶7  In order for a plea of no contest to be valid, the superior court must find a factual basis demonstrating "strong evidence of actual guilt," including sufficient evidence to support each element of the crime, but the "facts need not show guilt beyond a reasonable doubt."  *State v. McVay*, 131 Ariz. 369, 373 (1982) (citing *State v. Varela*, 120 Ariz. 596, 598 (1978)).  The factual basis may be established through "reports of preliminary hearings, the defendant's admissions, and other sources."  *Id.* (citing *Varela*, 120 Ariz. at 598).

¶8  Here, the factual basis supporting Aguilar-Medina's guilt on charges of manslaughter and aggravated assault was presented through a police report and statements by defense counsel.  Aguilar-Medina argues the facts contained therein were insufficient to show he had the requisite intent to cause his daughter's death or to use his vehicle as a deadly or

dangerous instrument in light of evidence that a tire rupture may have precipitated the accident.[2] Both claims lack merit.

¶9            A person acts "[r]ecklessly" when:

> [the] person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but who is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

A.R.S. § 13-105(10)(c). Here, the facts presented established "strong evidence" that Aguilar-Medina recklessly caused his daughter's death. Officers found open containers of alcohol at the scene of the accident and smelled intoxicants on Aguilar-Medina. His blood alcohol concentration was 0.066 approximately five and one-half hours after the accident and could reasonably be extrapolated to have exceeded 0.08 at the time of the crash. The facts show Aguilar-Medina was intoxicated at the time of the accident and support an inference that his intoxication caused him to lose control of the vehicle or prevented him from regaining control of the vehicle in the event of a tire rupture. *See State ex rel. Romley v. Brown*, 168 Ariz. 481, 482-83 (App. 1991) (observing that evidence of intoxication is relevant to prove the defendant drove recklessly).

¶10          The facts presented also support Aguilar-Medina's conviction of aggravated assault, which, when physical injury is caused to another person by way of a vehicle, can be committed "[i]ntentionally, knowingly or recklessly." *See* A.R.S. §§ 13-1204(A)(2), -1203(A)(1); *State v. Dodd*, 244 Ariz. 182, 184-86, ¶¶ 8-12 (App. 2017) (finding sufficient evidence the defendant committed aggravated assault to his passenger where the injury would not have occurred "but for" the defendant's conduct and where "the risk of harm from [the defendant's] behavior included injuries to a passenger"); *State v. Miles*, 211 Ariz. 475, 477, 481-82, ¶¶ 3, 24-27 (App. 2005)

---

[2]       One witness said she saw a tire blowout before the accident. Other witnesses did not see a blowout, and accident investigators concluded that pavement markings were inconsistent with a failed tire.

(affirming conviction of aggravated assault against the defendant's passenger based on a finding the defendant drove recklessly).

## II.    The Charges Were Not Multiplicitous.

**¶11**        Aguilar-Medina next argues that the aggravated DUI charges were multiplicitous and that his sentences for those charges violated the constitutional prohibition against double jeopardy.    Charges are multiplicitous where they allege "a single offense in multiple counts," which "thereby raises the potential for multiple punishments for a single act." *State v. Scott*, 243 Ariz. 183, 186, ¶ 9 (App. 2017) (citation omitted). Here, Aguilar-Medina does not argue the two DUI charges were multiplicitous on the face of the indictment but, rather, that the charges were multiplicitous as proven because the same factual basis — Aguilar-Medina's blood alcohol concentration — was used to support convictions for both counts.

**¶12**        Contrary to Aguilar-Medina's argument, the same evidence may be used to support convictions of multiple counts without triggering double jeopardy so long as proof of one offense "does not necessarily include proof of" the other. *United States v. Woodward*, 469 U.S. 105, 108 (1985) (emphasis omitted); *see also Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 12 (App. 2004) ("Offenses are not the same, and therefore not multiplicitous, if each requires proof of a fact that the other does not."). In any event, Aguilar-Medina's convictions of the two DUI offenses were not necessarily based on the same evidence as he asserts. While Aguilar-Medina's blood alcohol concentration supports his conviction under A.R.S. § 28-1381(A)(2) ("alcohol concentration of 0.08 or more"), other evidence — e.g., the open alcohol containers and smell of intoxicants on Aguilar-Medina combined with the accident — supports his conviction under A.R.S. § 28-1381(A)(1) ("impaired to the slightest degree"). *See State v. Guerra*, 191 Ariz. 511, 512, 516, ¶¶ 1-3, 17 (App. 1998) (affirming defendant's convictions and sentences on the charges of violating A.R.S. § 28-1381(A)(1), (A)(2), citing to what was previously numbered as § 28-692(A)(1), (A)(2)); *State v. Gill*, 234 Ariz. 186, 187-89, ¶¶ 1-4, 6, 11 (App. 2014) (affirming, in relevant part, defendant's convictions and sentences for two counts of aggravated DUI, where "the nature of the car accident suggested it was the result of someone driving while 'impaired to the slightest degree' by alcohol").

### III. Petitioner Does Not State a Colorable Claim For Ineffective Assistance of Counsel.

¶13 To establish a colorable claim that defense counsel provided ineffective assistance, "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). Here, Aguilar-Medina contends his plea attorney did not advise him that evidence the accident was caused by a tire blowout rather than his intoxication might provide a viable defense at trial.[3]

¶14 The record belies Aguilar-Medina's argument. In a settlement offer his attorney proposed to the State three months before Aguilar-Medina entered a change of plea, defense counsel made statements demonstrating that he and Aguilar-Medina had discussed how evidence of a tire rupture would support a defense that Aguilar-Medina lacked the *mens rea* required to prove the State's case. In addition, Aguilar-Medina stated in his sentencing memorandum that he had "agree[d] to give up certain non-frivolous defenses," including evidence of a tire blowout, in entering his plea of no contest. Aguilar-Medina's failure to show incompetence by his counsel is fatal to his ineffective assistance claim. *See State v. Pandeli*, 242 Ariz. 175, 192, ¶ 72 (2017).

¶15 Aguilar-Medina also argues that counsel appointed to represent him in the underlying proceeding for post-conviction relief was ineffective for failing to investigate and find the issues raised by Aguilar-Medina *in propria persona*. In light of our resolution of those issues against the defendant, his ineffective assistance claim necessarily fails.

---

[3] Aguilar-Medina identifies additional grounds of attorney error in his petition for review that he did not raise below. We decline to address issues he did not present to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(4)(B); *cf. State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) ("The law is clear that a court will not entertain new matters raised for the first time in a motion for rehearing [on a petition for post-conviction relief].").

## CONCLUSION

¶16   For the reasons set forth above, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA